### GAINES v. RACENET.

### GAINES et al. v. RACENET.

### RACENET et al. v. GAINES.

### LA BONNE et al. v. GAINES.

United States District Court
S. D. New York.

Oct. 2, 1950.

110

See also, D.C., 11 F.R.D. 111.

Appell & Appell, New York City, for plaintiffs Gaines. Morris A. Wainger, Frederick W. Appell, New York City, of counsel.

Warren W. Wells, White Plains, N. Y., for plaintiffs Racenet and LaBonne.

CONGER, District Judge.

Motion to consolidate the four above entitled actions.

These actions arose out of an automobile collision which occurred on the Hutchinson River Parkway, Westchester County, New York on June 26, 1949. John S. Gaines was the driver and owner of one car; his wife, Edith L. Gaines, was riding with him. Jules L. Racenet was the owner and driver of the other car; his wife, Kathleen Racenet, was riding with him, as was Alphonse J. LaBonne and his wife, Annette M. LaBonne.

The Racenet and LaBonne actions were commenced on September 16, 1949. The action in which John S. Gaines is plaintiff was commenced on October 20, 1949. The action in which Edith L. Gaines and John S. Gaines are plaintiffs was commenced on May 12, 1950.

This application to consolidate the four actions is made by the plaintiffs Gaines, pursuant to Rule 42 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

I think this is a proper case for consolidation. There are common questions of law and fact involved in these cases. The basic issue, of course, is who was to blame for this accident. Was it Gaines, was it Racenet, or was it the fault of both? This question of negligence is common to all the cases, and this issue of whose negligence caused the accident will depend on the same evidence. True, a different rule of law as to guests riding in a car will have to be considered, but that is common to three of the cases.

The only questions to be determined are who was at fault and the amount of the damage. True, there are six persons here claiming personal injuries, but I see no reason why a jury under the guidance of the Court on the law could not intelligently decide the issues and reach a just and proper verdict as to each. I cannot see how the Racenets and the LaBonnes can in any way be prejudiced by this consolidation. As far as the trial procedure

is concerned they should have the same standing as though they were plaintiffs in that their counsel shall have the right to open first and sum up last.

■ There is one problem which presents itself. Mr. and Mrs. Gaines, in the action in which they are plaintiffs, are represented by one firm of attorneys, while as defendant in two actions John S. Gaines is represented by another firm. By this consolidation I would not want to give the moving parties a technical advantage. In other words, there may not be two openings and two summations for the Gaines' side of this controversy.

Motion granted as indicated above.

Settle order.

## GAINES v. RACENET.
## GAINES et al. v. RACENET.

United States District Court
S. D. New York.

Oct. 2, 1950.

See also, D.C., 11 F.R.D. 109.