**POPEJOY v. FLADUNG.**

**PROFFIT v. FLADUNG.**

Nos. 8327, 8328.

United States District Court
W. D. Missouri, W. D.

July 16, 1953.

Robert S. Burns, Kansas City, Mo., for plaintiff.

Sprinkle, Knowles & Carter, Kansas City, Mo., for defendant.

REEVES, Chief Judge.

The defendant has filed a motion to consolidate the above cases. Both of the plaintiffs object to such consolidation and assign as reason therefor that the jury would be confused solely on the question of damages.

In support of the objections the case of Baker v. Waterman S. S. Corp., (Jones v. Waterman S. S. Corp.), D.C., 11 F.R.D. 440, 441 is cited. In like manner, in the case cited, a motion to consolidate was filed, but by the plaintiffs. Judge Weinfeld of the So. District of New York overruled the motion. In that case the defendant objected on the grounds that it would be prejudicial to it if the cases were consolidated. In discussing the matter the judge said:

> "While the presumption must be that the Court's instructions will be adhered to and the danger of prejudice to the defendant is more apparent than real, nonetheless, in view of the gruesome nature of the injuries it should not be subjected to this prejudicial risk, no matter how slight."

In these cases the defendant has asked for a consolidation of the cases, and not the plaintiffs, as in the case cited.

In the same district, Judge Conger had before him a similar motion made in the case of Gaines v. Racenet, D.C., 11 F.R.D. 109, 110. The decision was rendered on

October 2, 1950, where as the case cited by the plaintiffs in this case was decided May 3, 1951. Judge Conger sustained the motion to consolidate although it involved the consolidation of four separate and distinct actions. In justifying the order of consolidation, the court said:

"The only questions to be determined are who was at fault and the amount of the damage. True, there are six persons here claiming personal injuries, but I see no reason why a jury under the guidance of the Court on the law could not intelligently decide the issues and reach a just and proper verdict as to each. I cannot see how the Racenets and the LaBonnes can in any way be prejudiced by this consolidation."

In the case of Brush v. Harkins, D.C., 9 F.R.D. 604, this court had before it a similar question where three cases were involved. In these cases the defendant had moved to consolidate for trial. The court sustained the motion and cited the case of Polito v. Molasky, 8 Cir., 123 F.2d 258, loc. cit. 262. In the latter case the court said:

"The motion to consolidate the two cases stated that both were pending in the court; that they arose out of the same alleged collision between a fire engine and a truck; and that they both involve a common question of law and facts. These allegations bring the case squarely within the discretion of the court under rule 42(a) of the Federal Roles of Civil Procedure, 28 U.S. C.A. following section 723c. *There is no denial of the allegations of the motion and no showing of any prejudice. There was no abuse of discretion.*" (Emphasis mine.)

In this case it is merely counsel's conclusion that it would be prejudicial because it would be confusing to the jury. Many of the cases on this subject have been examined, and, without exception, that is not a good reason.

Accordingly, the motion to consolidate should be and will be sustained.