Doma Gay CLARK, Plaintiff

v.

Alvin A. ELGIN, Defendant.

Ella KERNS, Plaintiff

v.

Alvin A. ELGIN, Defendant.

Glenver O. KERNS, Plaintiff

v.

Alvin A. ELGIN, Defendant.

Debra CAMPBELL, a minor, by her mother and next friend, Erma Campbell, Plaintiff

v.

Alvin A. ELGIN, Defendant.

James CAMPBELL, a minor, by his mother and next friend, Erma Campbell, Plaintiff

v.

Alvin A. ELGIN, Defendant.

Nos. 35765–35769.

United States District Court
N. D. Ohio, E. D.
March 31, 1960.

John L. Russell, Alliance, Ohio, Richard C. Ogline, France, Ogline & Robertson, Alliance, Ohio, for plaintiffs.

Wm. E. Pfau and Wm. E. Pfau, Jr., Youngstown, Ohio, for defendant.

KALBFLEISCH, District Judge.

Defendant has moved that the Court order the consolidation of these cases for trial. The actions arose out of a collision between two automobiles in August, 1959. Each of the five cases involves a claim for personal injuries, one of which includes an additional claim by a husband for the loss of the services of his wife who was injured in the same accident. Two of the plaintiffs are minors, ages three and four years. In Civil No. 35767—the case filed by the operator of

one automobile against the operator of the other—the defense of contributory negligence is raised. The same law firms represent the plaintiffs and defendant in each case.

The motions are made pursuant to Rule 42(a), Rules of Civil Procedure, 28 U.S.C.A., which provides as follows:

"(a) *Consolidation.* When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

Defendant states that the cases involve common questions of law and fact and that the Court in its discretion should order their joinder for trial to avoid expense and delay.

Plaintiffs oppose the motions on the ground that the Court would be required to give a variety of instructions as to damages (inasmuch as the cases involve personal injuries, loss of services, and injuries to minors), and that the jury would be confused to the prejudice of the plaintiffs.

In Gaines v. Racenet, D.C.S.D.N.Y., 1950, 11 F.R.D. 109, four personal injury cases—involving six persons claiming injury arising out of the same automobile accident, and involving husbands, wives and guests—were consolidated for trial. The Court pointed out that the basic issue in each case was who was to blame for the accident. In reaching its decision, the Court stated:

"* * * I see no reason why a jury under the guidance of the Court on the law could not intelligently decide the issues and reach a just and proper verdict as to each." Page 110.

In Popejoy v. Fladung, D.C.W.D.Mo. W.D.1953, 14 F.R.D. 450, the Court consolidated two negligence cases for trial, stating:

"* * * it is merely counsel's conclusion that it would be prejudicial because it would be confusing to the jury. Many of the cases on this subject have been examined, and, without exception, that is not a good reason." Page 451.

Upon examination of the pleadings in these cases, it is my opinion that in the cases of Doma Gay Clark v. Elgin, Civil No. 35765, Ella Kerns v. Elgin, Civil No. 35766, Debra Campbell, a minor, etc. v. Elgin, Civil No. 35768, and James Campbell, a minor, etc. v. Elgin, Civil No. 35769, none of the parties would be prejudiced by their consolidation for trial and that a great saving of time and expense would be effected thereby. Defendant's motions will be sustained as to those cases.

The case of Glenver O. Kerns v. Elgin, Civil No. 35767, involving the operator of one of the vehicles against whom the defense of contributory negligence has been asserted, will be tried separately because the questions of law therein are not in common with the consolidated cases.