Crystal L. HASMAN, David A. Hasman, Laura Murphy, Brian Murphy, and Minnie Blackwell, Plaintiffs,

v.

G.D. SEARLE & CO., and Searle Pharmaceuticals, Inc., a foreign corporation, Defendants.

Civ. Nos. 82–74816, 82–74817, and 83–CV–8016–FL.

United States District Court, E.D. Michigan, S.D.

June 18, 1985.

---

**460**

Darrell Amlin, Detroit, Mich., for plaintiffs.

Thomas Foley, Richard A. Kitch, Detroit, Mich., for defendants.

## MEMORANDUM AND ORDER

COHN, District Judge.

Before the Court is a motion to consolidate these three products liability cases for trial. While the cases involve claims of similar injury and the same lawyers on each side, many of the factual and legal issues involved are significantly different. Convenience and judicial economy is outweighed by the likelihood of confusion and prejudice. Each case should be tried separately to assure fairness, manageability and impartiality.

*Murphy v. G.D. Searle & Co.*, 82–74816, and *Blackwell v. G.D. Searle & Co.*, are presently pending before this Court. *Hasman v. G.D. Searle & Co.*, 83–CV–8016–FL, is presently pending before Judge Newblatt of the Flint Administrative Unit.

■■ The authority for consolidation is found in Fed.R.Civ.P. 42(a) which states:

When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delays.

The essential test for determining whether cases should be consolidated is whether there are common questions of law or fact. *Brewer v. Republic Steel Corp.*, 513 F.2d 1222 (6th Cir.1975). Consolidation is in the sound discretion of the court. *Stemler v. Burke*, 344 F.2d 393 (6th Cir.1965).

■ Here each of the plaintiffs' intrauterine contraceptive device known as Copper–7 U.I.D. (CU–7) was manufactured by defendant. Similarly, each plaintiff alleges she suffered from pelvic inflammatory disease (PID) as a result of their use of defendant's product. However, common issues of fact and law do not predominate in the three cases. The three cases involve separate and unique medical, social, and sexual histories peculiar to each woman and her sexual partners. Consolidation would make trial confusing, unmanageable and perhaps inequitable. The desire for judicial efficiency would not be served, since the unique details of each case would still need to be presented to the jury. Much the same conclusion was reached by the judicial panel on multi-district litigation when it ruled that consolidation was inappropriate in this kind of case even for pre-trial discovery. *In re: G.D. Searle & Co. "Copper 7" IUD Products Liability Litigation*, 483 F.Supp. 1343 (J.P.M.L., 1980).

The panel rejected plaintiffs' argument that common factual issues exist which outweigh the disadvantages of consolidation. Furthermore, as defendant points out, the Court of Appeals for the Ninth Circuit has ruled that individual issues predominate in intrauterine device product liability cases. *In re: Northern District of Cal., Dalkon Shield,* 693 F.2d 847 (9th Cir.1982). Though *Dalkon Shield* dealt with denial of class action certification, the Court of Appeals analysis is applicable here:

> In product liability actions individual issues may outnumber common issues. No single happening or accident occurs to cause similar types of physical harm or property damage. No one set of operative facts establishes liability. No single proximate cause applies equally to each potential class member and each defendant. Furthermore, the alleged tortfeasors affirmative defenses ... may depend on facts peculiar to each plaintiff's case.... (citations omitted).

*Id.* at 853–56.

When cases involve some common issues but *individual issues* predominate, consolidation should be denied. *Shump v. Balka,* 574 F.2d 1341 (10th Cir., 1978); *Molever v. Levenson,* 539 F.2d 996 (4th Cir. 1976), *cert. denied* 429 U.S. 1024, 97 S.Ct. 643, 50 L.Ed.2d 625 (1976); *Clark v. Elgin,* 25 F.R.D. 248 (D.C.Ohio 1960). Consolidation is not justified or required simply because the actions *include* a common question of fact or law. *Prudential Insurance Co. of America v. Marine National Exchange Bank,* 55 F.R.D. 436, 437 (E.D.Wis. 1972).

As defendant has noted, the three cases involve predominantly individual issues which affect its liability to each plaintiff. Although each plaintiff may suffer from PID possibly as a result of the use of defendant's product, the nature and extent of the injuries differs significantly. Further, the cases involve different warnings, different warranties and perhaps defects, and different inserting physicians. If the unique circumstances of the cases are considered together in one trial, the jury's verdict might not be based on the merits of the individual cases but could potentially be a product of cumulative confusion and prejudice. It is possible jurors considering a particular plaintiff might be prejudiced by the evidence presented on behalf of the other plaintiffs, since they would be permitted to hear allegations of defects and adverse reactions not relevant to the particular plaintiff's case. Consolidation is improper when the introduction of "voluminous" evidence, relevant to one of the consolidated actions but irrelevant to another, impairs the conduct of trial. *Flintkote Co. v. Allis-Chalmers Corp.,* 73 F.R.D. 463, 465 (S.D.N.Y.1977).

The motion for consolidation is DENIED.

SO ORDERED.