**PERCH ASSOCIATES LIMITED PARTNERSHIP, Mason Associates General Partnership, York Limited Partnership, and Tyson–McLean Associates Limited Partnership, Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

No. 610–89L.

United States Claims Court.

May 30, 1990.

Grayson P. Hanes, Falls Church, Va., for plaintiffs, Perch Associates Ltd. Partnership, Mason Associates Gen. Partnership, York Ltd. Partnership, and Tyson–McLean Associates Ltd. Partnership.

David L. Konick, Washington, D.C., for plaintiff-intervenor, Marriot Corp.

Alan Brenner, Washington, D.C., for defendant; Donald F. Rosendorf and John S. Gregory, of counsel.

ORDER

MOODY R. TIDWELL, III, Judge.

On November 9, 1989, plaintiffs Perch Associates, *et al.* filed their complaint in this court seeking redress for an alleged taking of property. Within five months from that filing, Marriot Corporation moved to intervene as a party plaintiff. Defendant did not oppose but, rather, welcomed Marriot Corporation's joinder. Plaintiff, on the other hand, objected to Marriot Corporation's motion for joinder on the grounds that Marriot Corporation had failed to meet the requirements for joinder under Rule 24(a) of the Rules of the United States Claims Court (RUSCC).

At this juncture, the court need not examine the merits of the claims asserted. In RUSCC 24(a) the conditions for intervention by right are clearly specified. This rule states in relevant part:

> Upon timely application anyone shall be permitted to intervene in an action ... when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

RUSCC 24(a). Marriot Corporation plainly claimed that 1) it is the owner of an interest in the property that is the subject of this proceeding, 2) it has a direct and substantial interest that will be adversely affected by a decision rendered by this court, 3) it is so situated that the disposition of this action would, as a practical matter, impair or impede its ability to protect its interest, and 4) it is not adequately represented by any existing party to this proceeding. On the face of its motion, therefore, Marriot Corporation has claimed the essential elements required by RUSCC 24(a) for intervention and its motion should not be denied.

Public policy also weighs in favor of allowing Marriot Corporation to intervene as a party plaintiff in the present action. Public policy would have all courts greatly liberalize joinder of parties and claims in

order to provide for effective settlement of all disputes at one time, when essential portions of a dispute are already before the court. Under a somewhat liberal joinder policy, a multiplicity of lawsuits may be avoided and settlement of all related controversies may be had in one action. The court finds it unthinkable under the present state of judicial administration to require each and every aspect of a case to be tried separately in two different actions. Duplicitous expenses and further unjustifiable impositions on an already over-burdened judicial system run contrary to the very purpose of procedural rules such as RUSCC 24(a). At the present stage of this litigation, allowing Marriot Corporation to intervene will achieve greater judicial economy by resolving related issues in a single lawsuit and avoid continued litigation involving the same testimony on the same issues. Moreover, to not allow Marriot Corporation to intervene might expose the United States to the potential abuse of being required to pay twice for the same alleged taking. This position toward liberal joinder is not unique to this court. *See Cascade Natural Gas Corp. v. El Paso Natural Gas Co.,* 386 U.S. 129, 87 S.Ct. 932, 17 L.Ed.2d 814 (1967); *Natural Resources Defense Council v. United States Nuclear Regulatory Comm'n,* 578 F.2d 1341 (10th Cir.1978); *Waller v. Financial Corp. of Am.,* 828 F.2d 579 (9th Cir.1987); *Washington State Bldg. & Constr. Trades v. Spellman,* 684 F.2d 627 (9th Cir.1982), *cert. denied,* 461 U.S. 913, 103 S.Ct. 1891, 77 L.Ed.2d 282 (1983); *County of Fresno v. Andrus,* 622 F.2d 436 (9th Cir.1980); *Securities & Exch. Comm'n v. Flight Transp. Corp.,* 699 F.2d 943 (8th Cir.1983); *Kozak v. Wells,* 278 F.2d 104 (8th Cir.1960); *Lake Investors Dev. Group v. Egidi Dev. Group,* 715 F.2d 1256 (7th Cir.1983); *Triax Co. v. TRW Inc.,* 724 F.2d 1224 (6th Cir. 1984); *United States v. Perry County Bd. of Educ.,* 567 F.2d 277 (5th Cir.1978); *International Tank Terminals, Ltd. v. M/V Acadia Forest,* 579 F.2d 964 (5th Cir.1978); *Feller v. Brock,* 802 F.2d 722 (4th Cir. 1986); *Newport News Shipbuilding &*

*Drydock Co. v. Peninsula Shipbuilders' Assoc.,* 646 F.2d 117 (4th Cir.1981); *La Rouche v. Federal Bureau of Investigation,* 677 F.2d 256 (2d Cir.1982); *Foster v. Gueory,* 655 F.2d 1319 (D.C.Cir.1981); *Natural Resources Defense Council v. Costle,* 561 F.2d 904 (D.C.Cir.1977); *Smuck v. Hobson,* 408 F.2d 175 (D.C.Cir.1969); *Nuesse v. Camp,* 385 F.2d 694 (D.C.Cir. 1967). Accordingly, the court will allow Marriot Corporation to intervene as a party plaintiff in the present litigation.

The court wants to make it abundantly clear that in allowing Marriot Corporation to intervene as a party plaintiff, the court neither takes a position nor makes a judgment on the ultimate merits of Marriot Corporation's claims or any other plaintiff's claims. By allowing the intervention of Marriot Corporation as a party plaintiff, the court has merely determined that Marriot Corporation's presence will facilitate a final and complete resolution of this litigation. *See Kloster Speedsteel AB v. Crucible Inc.,* 793 F.2d 1565, 1582 (Fed.Cir.1986); *Minnesota Mining & Mfg. Co. v. Eco Chem. Inc.,* 757 F.2d 1256, 1263–64 (Fed. Cir.1985).

## CONCLUSION

For the reasons stated, Marriot Corporation's motion to intervene as a party plaintiff is allowed. Accordingly, within the time limitations set forth in the Rules of the United States Claims Court, defendant is to amend its answer as needed to respond to the allegations made in Marriot Corporation's complaint and, thereafter, the parties are to submit a new joint preliminary status report in accordance with the requirements set forth in Appendix G.

IT IS SO ORDERED.