**KARUK TRIBE OF CALIFORNIA,**
Plaintiff,

v.

**The UNITED STATES, Defendant.**

No. 90–3993L.

United States Court of Federal Claims.

Jan. 4, 1993.

---

John S. Gregory, U.S. Dept. of Justice, Land & Natural Resources Div., Gen. Litigation Section, Washington, DC, for the U.S.

Dennis J. Whittlesey, Collier, Shannon, Rill & Scott, Washington, DC and William C. Wunsch, San Francisco, CA, for Karuk Tribe of California.

## ORDER

MARGOLIS, Judge.

Two motions are before the court. The first motion is the motion of Robert D. Hostler and John M. Scott (hereinafter "applicant-intervenors") to intervene in this action as defendants. The second motion is the defendant's motion to consolidate this action with another case, *Carol Ammon v. United States*, No. 91–1432L. After hearing oral argument on the first motion and considering the briefs, it is hereby

ORDERED that applicant-intervenors' motion to intervene is denied because applicants have failed to show an interest in the outcome of this litigation sufficient to grant intervention, and that defendant's

motion to consolidate is granted. The court reaches these conclusions for the following reasons.

*Motion to Intervene*

Intervention as a matter of right is governed by RCFC 24(a) which requires the court to allow intervention if, upon timely application:

> the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately protected by existing parties.

RCFC 24(a)(2).

■ In *American Maritime Transport, Inc. v. United States*, the Court of Appeals for the Federal Circuit interpreted Rule 24. To intervene as a matter of right, an applicant-intervenor must demonstrate a direct, immediate, legally protectable interest in the proceedings, such that the intervenor would "either gain or lose by the *direct* legal operation and effect of the judgment." 870 F.2d 1559, 1561 (Fed.Cir.1989) (citations omitted) (emphasis in original). An interest that is either indirect or contingent is insufficient, but the rule should be interpreted to favor intervention. *Id.* In *American Maritime*, the applicant-intervenor sought to intervene in a lawsuit between a shipping company and the Maritime Administration over whether the shipping company was entitled to a subsidy pursuant to the Merchant Marine Act of 1936. The applicant-intervenor's interest in the lawsuit was to protect itself from subsidized competition from the shipping company. 870 F.2d at 1560. The court agreed with the Claims Court finding that the applicant's interest was contingent. The court observed that the applicant-intervenor would suffer harm from an adverse judgment only if a chain of possible but uncertain events also took place. *Id.* at 1561.

In this litigation, the Karuk Tribe ("Karuks") alleges it possessed rights in an Indian Reservation known as the former Hoopa Valley Tribe Reservation. According to the Karuks, the Settlement Act of 1988, 25 U.S.C. §§ 1300i to 1300i–11, partitioned the reservation between two other tribes, the Hoopa Valley Tribe ("Hoopas") and the Yurok Tribe, excluding the Karuks from sharing in the reservation. The Karuk Tribe alleges that the Settlement Act effected a taking of its property without just compensation. The Tribe seeks monetary compensation from the U.S. government. At oral argument, the plaintiff stressed that it does not seek to challenge the constitutional validity of the Act; it only seeks monetary compensation for the alleged taking effected by the Act. Transcript at 20.

■ The applicant-intervenors are two individuals who are members of the Hoopa Valley Tribe. In asserting an interest, applicant-intervenors claim that a monetary award to the Karuk Tribe would threaten the Hoopas' interest in enjoying the benefits of the Settlement Act. Applicant-intervenors allege that granting relief to the Karuks could cause Congress to change the Settlement Act pursuant to § 14 of the Act, or delay implementation of the Act. Section 14 of the Settlement Act requires the Secretary of the Interior to report to Congress the final outcome of any litigation resulting from the Settlement Act. 25 U.S.C. § 1300i–11(c). Applicant-intervenors are concerned that the Hoopas would not be able to challenge any modifications to the Act because they have waived claims arising out of the Act. 25 U.S.C. § 1300i–1(a)(2)(A)(i).

The interest that the applicant-intervenors assert is not direct, but indirect and contingent on other events. The direct result of a judgment in favor of the plaintiff in this case would only be a monetary award from the government to the plaintiff. In order for applicant-intervenors to be harmed by an award, Congress would have to act to modify the provisions of the Settlement Act, and to do so in such a way as to take away the Hoopa Valley Tribe's legally protectable rights. Neither event is certain to occur. This interest is contin-

gent and therefore insufficient to rise to an interest necessary to grant intervention.

The applicant-intervenors also contend that in resolving the case the court will necessarily address the validity of the Settlement Act. This is not so. The court must determine whether the Karuks are entitled to just compensation, not whether the Act was constitutional. The Karuk Tribe has stated unequivocally on the record that it is not challenging the constitutional validity of the Act. Transcript at 20.

The applicant-intervenors relied on *Shermoen v. United States*, No. C–90–2460, slip op. (N.D.Cal. May 23, 1991). In *Shermoen*, the plaintiffs were seventy American Indians who challenged the constitutionality of the Settlement Act on the grounds it impaired their constitutional rights. *Shermoen*, slip op. at 1. The *Shermoen* court found the Hoopa Valley Tribe and the Yurok Tribe, as beneficiaries of the Settlement Act, to be indispensable parties to the action because they had legally protectable interests in the action. The court dismissed the case for failure to join indispensable parties.

The *Shermoen* case is distinguishable because the plaintiffs' claims were different from those in this case. In this case, the Karuks do not seek a determination that the Settlement Act is unconstitutional, but a monetary award for an unconstitutional taking. The *Shermoen* court stated in its decision that, "[t]his is not a situation where plaintiffs merely seek monetary relief to compensate them for what they contend is an unconstitutional taking; rather, it is an equitable action in which plaintiffs seek to have the land itself returned." *Id.* at 12. The decision implies that the outcome of the case would have been different had the plaintiffs been seeking merely a monetary award.

The applicant-intervenors also cite *Oneida Indian Nation v. New York*, 732 F.2d 261 (2d Cir.1984). The *Oneida* plaintiffs were Indian tribes who brought the action to declare their title to and recover possession of five million acres of land in New York State. *Id.* at 264. The Court of Appeals for the Second Circuit permitted other tribes to intervene as of right on the grounds that an adverse decision could, through *stare decisis*, preclude the intervenors from vindicating their interests in a later suit. However, that court stressed the unique facts of the case: the court was to find facts and decide issues of first impression, such as the application of a 1783 Proclamation of the Continental Congress and provisions of the Articles of Confederation, as well as the legal effect of various other eighteenth century treaties. *Id.* The court observed that

> *stare decisis* will not support intervention as of right in all cases[;] it does so in the unusual circumstances of this case where the intervenors' ability to protect their interests will be impaired or impeded 'as a practical matter' by a judgment entitling the plaintiffs to recover the disputed lands.

*Id.* at 266.

*Oneida* is materially different from this case. Here, the plaintiffs are not suing to gain possession of the reservation; they are suing only to recover damages from the government for having excluded them from possession of the reservation. In addition, the *stare decisis* effect of this case will not directly harm the interests of the applicant-intervenors. For all of these reasons, this court holds that the interest of the applicant-intervenors does not warrant intervention as of right.

■ In the alternative, the applicant-intervenors seek permissive intervention. Permissive intervention is allowed at the court's discretion if the applicant's claim or defense and the main action have a question of law or fact in common. RCFC 24(b)(2). Here, however, the applicant-intervenors do not have a claim or defense against the United States. This court entertains suits against the government, not suits by American Indians against American Indians.

Accordingly, the motion to intervene is denied. The plaintiff's motion for sanctions against the applicant-intervenors' attorney is also denied.

*Motion to Consolidate*

The defendant also moves to consolidate this action with another case, *Carol Ammon v. United States,* No. 91–1432L. Determining whether to allow consolidation is within the discretion of the court. Rule 42(a) sets forth the standard:

When actions involving a common question of law or fact are pending before the court, it may ... order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

RCFC 42(a). Plaintiffs oppose consolidation.

 In support of its motion, defendant argues that both *Ammon* and *Karuk* involve many common questions of law and fact. The *Ammon* plaintiffs are individual Indians, while the *Karuk* plaintiff is an Indian Tribe. Both plaintiffs claim that their property interests in the former Hoopa Reservation were created by the 1864 Act and enlarged by a 1891 Executive Order. Both allege that disputes arose between Hoopa Valley Tribe Indians and non-Hoopa Indians as to the rights in the resources on this reservation. And both allege that the 1988 Settlement Act excluded the plaintiffs from their property interests in the reservation, and that exclusion was a taking under the Fifth Amendment. The common questions of law and fact are the legal effect of the 1864 Act and 1891 Executive Order, whether the plaintiffs had compensable property rights in the reservation, the legal effects of the *Short* case, and whether the Settlement Act constituted a Fifth Amendment taking. The defendant alleges these common questions mean that there would be almost total duplication of effort if the cases are not consolidated.

The plaintiff points out the differences between the two actions. *Ammon* involves the rights of individual Indians, while *Karuk* involves the rights of a Tribe. The *Ammon* plaintiffs each will be required to prove that they belonged to tribes which were entitled to Hoopa Valley Reservation resources, that the *Short* litigation does not preclude them from recovery, and that the Settlement Act does not preclude recovery by individual Indians. The *Ammon* plaintiffs have not explicitly stated that they will not challenge the constitutional validity of that Act.

The appropriateness of consolidating claims depends on whether the interest of judicial economy outweighs the potential for delay, confusion, and prejudice that may result from consolidation. *Bank of Montreal v. Eagle Assocs.,* 117 F.R.D. 530, 532 (S.D.N.Y.1987). One of the primary objectives of consolidation is to prevent separate actions from producing conflicting results, which can occur when both cases require judicial determinations of the same facts. *Id.* at 533. Here, the plaintiffs in each case allege the same government acts created property interests in the same land, and both allege Fifth Amendment takings arising out of the enactment of the Settlement Act. These are common questions of mixed law and fact. It is true that the court will have to hear different evidence to decide factually whether each plaintiff had a vested right in the former Hoopa Valley Reservation, but these individual issues do not predominate over the common issues. There is no reason to believe that the individual issues will cause undue delay and prejudice. *Compare Hasman v. G.D. Searle & Co.,* 106 F.R.D. 459, 460 (E.D.Mich.1985) (stating that "judicial efficiency would not be served, since the unique [histories peculiar to each plaintiff] would still need to be presented to the jury"). Because both cases present the same legal questions and arise out of substantially the same facts, this court grants the defendant's motion to consolidate.