**KARUK TRIBE OF CALIFORNIA,**
**Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**Carol AMMON, et al., Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

**YUROK INDIAN TRIBE, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

Nos. 90–3993L, 91–1432L and 92–173L.

United States Court of Federal Claims.

July 19, 1993.

Thomas P. Schlosser, Seattle, WA, for Hoopa Valley Tribe, K. Allison McGaw, of counsel.

Dennis J. Whittlesey, Washington, DC, for plaintiff Karuk Tribe.

William C. Wunsch, San Francisco, CA, for Ammon plaintiffs.

George Forman, Berkeley, CA, for plaintiff Yurok Indian Tribe.

John S. Gregory, U.S. Dept. of Justice, Washington, DC, for defendant.

## OPINION

MARGOLIS, Judge.

Before the court is the Hoopa Valley Tribe's motion to intervene under Rules 24(a) and 24(b) of the Rules of the Court of Federal Claims. After careful review of the record and after hearing oral argument, this court grants the motion.

## FACTS

Previously in this litigation, this court denied a motion to intervene filed by two individual members of the Hoopa Valley Tribe. The court found that the applicant-intervenors' interests in this lawsuit were indirect and contingent, therefore were insufficient to warrant intervention. *Karuk Tribe of California v. United States*, 27 Fed.Cl. 429 (1993) (order denying motion to intervene and granting motion to consolidate). In the current motion, the Hoopa Valley Tribe itself seeks to intervene.

An understanding of the issues involved in this litigation is essential. The plaintiffs are the Karuk Indian Tribe ("Karuks"), several individual Indians (*Ammon* plaintiffs), and the Yurok Indian Tribe ("Yuroks") who claim to have possessed rights in an Indian Reservation known as the former Hoopa Valley Reservation ("the Reservation"). For over thirty years, various Indians and Tribes have disputed the rights to the resources and land in the former Hoopa Valley Reservation. These disputes have spawned much litigation, most notably the case *Short v. United States*, 486 F.2d 561, 202 Ct.Cl. 870 (1973). To end the disputes, Congress passed the Hoopa–Yurok Settlement Act of 1988 ("the Settlement Act"), which divided the land of the Reservation and escrow funds containing income it generated among certain tribes and individuals. *See* the Settlement Act, 25 U.S.C. §§ 1300i–1 to –11.

According to the plaintiffs, the partition mandated in the Settlement Act extinguished or diminished their rights in the Reservation and effected a taking of their property without just compensation. They seek monetary compensation from the United States government. *Karuk* compl., ¶ 16; *Ammon* compl., ¶ 15; *Yurok* compl., ¶¶ 17–19. It is equally important to note what is not at issue in this litigation: the plaintiffs do not challenge the constitutionality of the Act. They each state that they seek only monetary compensation for its alleged effects. The Karuks state in their brief that they do not challenge the constitutionality of the Act, but merely seek money damages. The *Ammon* plaintiffs state in their brief that "the claims in these two consolidated actions ... are claims for just compensation ... and do not constitute a challenge to the constitutionality of the Act." The Yurok Tribe also has stated that it will not challenge the Act's constitutionality, and its complaint states a claim only for a Fifth Amendment taking.

The applicant-intervenor is the Hoopa Valley Tribe ("the Tribe"). The Settlement Act apportioned a piece of the Reservation land known as the "Square" to the Hoopa Valley Tribe. 25 U.S.C. § 1300i–1(b). The Act also apportioned some of the disputed escrow funds to the Hoopa Valley Tribe. *Id.* § 1300i–3(c). Thus, the Hoopa Valley Tribe is a beneficiary of the Settlement Act. The Tribe seeks intervention in order to protect the interests that it claims to have under the Settlement Act.

## DISCUSSION

Intervention as a matter of right is governed by RCFC 24(a)(2) which requires the court to allow intervention if, upon timely application:

> the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately protected by existing parties.

RCFC 24(a)(2).

Thus, the court must permit intervention as of right if the Hoopa Valley Tribe demonstrates (1) that it has a sufficient interest in the property which is the subject of the action; (2) that without intervention, the Hoopa Valley Tribe would be impaired or impeded from protecting that interest; and (3) that the existing parties do not adequately protect the Hoopa Valley Tribe's interest. Each element will be discussed *seriatim.*

### Interest in the Subject of the Action

■ First the court addresses the nature of the Tribe's interests. The Court of Appeals for the Federal Circuit has held that an applicant-intervenor must demonstrate a direct, immediate, legally protectable interest in the proceedings, such that the intervenor would "either gain or lose by the *direct* legal operation and effect of the judgment." *American Maritime Transport, Inc. v. United States*, 870 F.2d 1559, 1561 (Fed.Cir.1989) (citations omitted) (emphasis in original). An interest that is either indirect or contingent is insufficient, but the rule should be interpreted to favor intervention. *Id.*

The Tribe's interest is in establishing and maintaining exclusive rights to the land

and money that it was apportioned in the Settlement Act. In this litigation, the ultimate issue is whether the plaintiffs are entitled to monetary compensation from the federal government for taking their property. In the course of rendering a judgment, the court will necessarily resolve the following sub-issues: (1) whether the plaintiffs had property rights in the former Hoopa Valley Reservation; (2) if so, whether the Settlement Act took those rights away from the plaintiffs; and (3) if it did, whether the taking was compensable.

The plaintiffs allege that they possessed real property rights in the former Hoopa Valley Reservation, in addition to hunting, gathering, fishing, timber, water, mineral, and other unenumerated rights. The court may rule that the plaintiffs possessed these rights. It may additionally rule that the Settlement Act did not take these rights away, but rather that the plaintiffs still have such rights in the land, despite the apportionment in the Act.

In a case that, admittedly, is factually distinct from this case, the U.S. Supreme Court held that Indian rights to hunt and fish on a reservation survived an act of Congress, known as the Termination Act. *Menominee Tribe v. United States*, 391 U.S. 404, 411, 88 S.Ct. 1705, 1710, 20 L.Ed.2d 697 (1968). The purpose of the Termination Act was to withdraw federal supervision over certain Indian tribes and reservations, and it had the effect of permitting the state of Wisconsin to supervise the former reservation lands. *Id.* at 408, 88 S.Ct. at 1708. *Menominee* lends support to the proposition that it is possible that rights of the plaintiffs, such as hunting and fishing, could still exist even though the Settlement Act divided the land between tribes.

If plaintiffs still have rights in the land, then the Hoopa Valley Tribe would have to share with plaintiffs such rights in the land that was apportioned to the Tribe. The obligation to share the land would impair the Hoopa Valley Tribe's right to exclude others. The right to exclude others is a longstanding, desired property right. *Kaiser Aetna v. United States*, 444 U.S. 164, 179–80, 100 S.Ct. 383, 392–93, 62 L.Ed.2d 332 (1979). The Hoopa Valley Tribe has a legally protectable property interest in protecting that right, and therefore has an interest in the property which is the subject matter of this litigation.

### The Tribe's Ability to Protect Its Interest

■ The second question is whether the Tribe is so situated that the disposition of the action may as a practical matter impair or impede the Tribe's ability to protect its interest. The court holds that the action could impede the Tribe from protecting its interest unless the Tribe is permitted to intervene. If the court were to conclude that the plaintiffs' rights in the subject property survived the Settlement Act; the Hoopa Valley Tribe would lose its right to exclude others, and the plaintiffs would gain recognition of their rights. It is no remedy to argue, as does the Yurok Tribe, that the Hoopa Valley Tribe could protect its interests by bringing its own takings action or by some other litigation. One policy behind interpreting joinder rules liberally is to "provide for effective settlement of all disputes at one time, when essential portions of a dispute are already before the court." *Perch Assocs. Ltd. Partnership v. United States*, 20 Cl.Ct. 456, 456–57 (1990). Thus, the possibility of subsequent litigation only strengthens the necessity for permitting the Tribe to intervene.

### Adequate Representation of the Tribe's Interests

■ The final question is whether the existing parties adequately represent the Tribe's interests. No party contends that the existing plaintiffs represent the Tribe's interests. The only possibility is that the United States, as defendant, could represent the Tribe's interest. The Tribe states that the United States has trust duties to all recognized tribes and Indians. Because the interests of the tribes and Indians conflict, the Tribe argues that the United States cannot adequately protect the Tribe's interests.

This court agrees. First, the United States, as trustee, must represent the inter-

est of all Indians. To the extent that the interests of the Tribe and those of the plaintiffs conflict, the United States' ability to represent all Indians is compromised. *See Wichita and Affiliated Tribes of Oklahoma v. Hodel,* 788 F.2d 765, 775 (D.C.Cir. 1986) (finding United States' representation inadequate where the United States' allegiance was "necessarily split among three competing tribes"). Second, the United States could raise defenses that would impair the Tribe's interests. One example is that the United States could argue that no Indians or tribes possess exclusive rights to, for example, hunt and fish on the newly formed Hoopa Valley Reservation. While this argument might protect the United States from liability, if the court were to so hold, the Tribe would be obliged to share hunting and fishing rights with others. Thus, the United States could avoid liability but nevertheless harm the Tribe's interests. For these reasons, the court finds that no existing party adequately represents the Tribe's interests.

*Previous Motion to Intervene*

■ It is no bar to the Tribe's intervention that this court previously denied a motion to intervene that was brought by individual Hoopa Indians. While the interests of the Hoopa Valley Tribe and its individual members may overlap, the Tribe and its members are legally separate entities; the Tribe has the right to file a motion to intervene separate from that of its members. *See Hopland Band of Pomo Indians v. The United States,* 855 F.2d 1573, 1576 (Fed.Cir.1988) (stating "in proper circumstances, Indian tribes can be viewed as specific governmental and legal entities distinct from their members").

The individual Hoopas argued that they had a right to intervene because a judgment of liability could lead Congress to amend the Settlement Act, and because the court could find the Act unconstitutional. In its previous order, the court rejected these arguments. The court held that the possibility that Congress would amend the Settlement Act was speculative and contingent on events outside this litigation, and that the constitutionality of the Act is not at issue in this litigation. *Karuk Tribe of California,* 27 Fed.Cl. at 431–432. Today's ruling does not change that holding.

In the current motion, the Tribe has presented additional arguments. The court is persuaded that the Tribe possesses an interest in this litigation that could be harmed as a direct result of this court's judgment even if there is no change in the Settlement Act. Because a judgment in this case could directly impair the Tribe's ability to protect its interests, the court concludes that the Tribe must be permitted to intervene as of right.

## CONCLUSION

The Hoopa Valley Tribe possesses an interest in the subject matter of this litigation that could be directly harmed by a judgment in this case. Therefore, the Hoopa Valley Tribe is entitled to intervene as of right as a defendant in this action.