Juan Avalo García, peticionario, *v.* La Corte de Distrito de Humacao, Hon. Gabriel Castejón, Juez, demandada.

No. 627—*Sometido:* Dic. 10, 1928. *Resuelto:* Julio 9, 1929.

*Arturo Aponte*, abogado del peticionario; *F. González Fagundo & González Jr.*, abogados de la demandante en el pleito principal.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Pedro Castro instituyó ante la Corte Municipal de San Lorenzo un procedimiento de desahucio contra Juan Avalo García, y dicha corte dictó sentencia a favor del demandado y declaró sin lugar la demanda. El demandante dió pasos tendentes a establecer un recurso de apelación. Hizo una notificación al seretario y puso el escrito de apelación en manos de una persona para que se encargara de diligenciarlo, persona que trató de notificárselo al abogado del demandado.

Después de haber llegado la transcripción a la corte de distrito de Humacao, el demandado radicó una moción pidiendo se desestimara el recurso. La corte de distrito de Humacao declaró sin lugar la moción.

El demandado Juan Avalo García radicó una petición de *certiorari* ante este tribunal, alegando, entre otras cosas, que la Corte de Distrito de Humacao carecía de jurisdicción. Toda la cuestión depende de la suficiencia de la supuesta notificación al letrado Arturo Aponte, o de si éste renunció los efectos alegados al certificar parte de la transcripción.

Los autos contienen un *affidavit* de notificación hecha por Enrique Sánchez Centeno. Este juró que había recibido el

escrito de apelación en 29 de febrero de 1928, y que a las nueve de la mañana fué a la oficina del Ledo. Arturo Aponte, en Humacao, y no lo halló allí, ni encontró a nadie a cargo de su oficina; que volvió a dicha oficina a las once de la mañana del mismo día, y permanecía aún cerrada. El *affidavit* entonces dice que el declarante se trasladó luego a la Playa de Humacao, a la finca conocida con el nombre de Rosalía, donde tiene su domicilio el abogado Arturo·Aponte, y no habiéndolo encontrado en su dicho domicilio, el declarante le dejó allí una copia fiel y exacta de dicho escrito de apelación, entregando tal copia a doña Tomasa Jiménez con el encargo de que la pusiera en manos del Ledo. Aponte tan pronto él regresara a su domicilio.

El *affidavit* fué jurado ante Francisco González, Jr., uno de los abogados del caso. El *affidavit* no ha sido impugnado por este motivo, pero, según lo hemos hecho ya en varias ocasiones, nuevamente llamamos la atención de los abogados hacia lo poco aconsejable que es que tales declaraciones juradas se presten ante uno de los abogados del pleito. *El Pueblo* v. *Collazo,* 33 D.P.R. 49, 54. Del *affidavit* no se desprende quién era Tomasa Jiménez.

Después que el caso llegó a la Corte de Distrito de Humacao, Enrique Sánchez Centeno presentó otra declaración jurada tratando de subsanar la deficiencia del primer *affidavit*. El declarante manifestaba que Tomasa Jiménez es mayor de edad, y se encuentra en su entero y cabal juicio. Por tanto, de permitirse una segunda declaración jurada, la notificación al abogado fué hecha de conformidad con el artículo 320 del Código de Enjuiciamiento Civil.

No hay duda alguna de que cualquier corte tiene derecho a recibir una declaración jurada suplementaria tendente a demostrar que dicha corte ha adquirido jurisdicción apelativa a virtud de la debida notificación.

Por tanto, carece de importancia la cuestión de renuncia. En el caso de *Manrique* v. *Ramírez,* 37 D.P.R. 252, citamos 2 California Jurisprudence 328, sección 117, al efecto de que

con una comparecencia voluntaria podía renunciarse la notificación. La cuestión de tiempo no fué presentada y el segundo párrafo de la misma cita tiende a demostrar que para ser efectiva debe hacerse dentro del período estatutorio para interponer el recurso de apelación.

■■ Para invocar la jurisdicción de esta corte en *certiorari*, el peticionario alegaba otras cuestiones de procedimiento. Según es imperativo en casos de desahucio, se señaló para el 31 de julio de 1928 una primera comparecencia para la formalización de la prueba. Ninguna de las partes compareció en dicha fecha y la vista fué suspendida. En 6 de agosto de 1928, a iniciativa propia, se señaló el 21 del mismo mes y año para la primera y segunda comparecencia. El demandado nunca fué oído con antelación a este señalamiento para agosto 21 de 1928, y a nada renunció. Todo lo que la corte hizo en favor de él fué, después de oír la prueba del demandante, señalar otro día para la presentación de la prueba del demandado. El peticionario está en lo cierto al sostener que las disposiciones del estatuto deben ser seguidas. La corte no tenía autoridad para combinar las dos comparecencias, a no ser por consentimiento del demandado o por su renuncia. Es evidente que el demandado fué obligado a entrar a juicio sin saber cuál era la prueba del demandante, y por tanto el demandado no tuvo la oportunidad para considerar la prueba escrita, oponerse a ella o repreguntar a los testigos del demandante después de haberse preparado debidamente. Ninguna de estas cuestiones fué subsanada al permitir que el demandado compareciera posteriormente. Todas estas posibles privaciones están cubiertas por la aseveración de que las disposiciones que exigen dos comparecencias son imperativas.

*Debe anularse la orden de 6 de agosto de 1928 y devolverse el caso a la Corte de Distrito de Humacao para que señale la primera y segunda comparecencia.*