RAMÓN PÉREZ CORTÉS, peticionario, *v.* CORTE DE DISTRITO DE MAYAGÜEZ, HON. F. NAVARRO ORTIZ, JUEZ, demandada.

Núm. 1237.—*Sometido:* Abril 14, 1941. *Resuelto:* Abril 22, 1941.

*José Martín Betancourt,* abogado del peticionario; *Carlos García Méndez,* abogado del interventor, demandante en el pleito principal.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Emiliano Ortiz Berríos demandó ante la Corte Municipal de San Germán a Ramón Pérez Cortés, solicitando el desahucio de éste y que se le condenase a pagar $22 por concepto del canon vencido. Dictada sentencia a favor del demandante, el demandado apeló para ante la Corte de Distrito de Mayagüez, y en enero 15, 1941, solicitó la inclusión del caso en el próximo calendario general de casos contenciosos. El 20 del mismo mes el demandante pidió que se señalara el caso para ser visto en su fondo el día 24 de enero de 1941, alegando que se trataba de un procedimiento sumario y que por tanto la vista debía celebrarse en el calendario especial de cada viernes. La corte inferior sostuvo la contención del demandante y señaló el viernes 14 de febrero de 1941 para la vista del caso en su fondo.

El día de la vista y antes de entrar a juicio, el demandado pidió se dejara sin efecto el señalamiento, alegando que la corte carecía de autoridad para combinar en casos de desahucio las dos comparecencias que determina el estatuto, para ser celebradas en un mismo día. Declarada sin lugar la moción del demandado, la corte ordenó se procediera a la práctica de la prueba. Ofreció la suya el demandante. Negóse a entrar a juicio el demandado y se abstuvo de presentar su prueba, alegando que ''se le había privado de la oportunidad de conocer la prueba documental que se formaliza en la comparecencia preliminar que establece la ley de desahucio.'' Terminada la vista del caso, la corte se reservó el fallo.

El 18 de febrero del año en curso, el demandado radicó ante esta corte su petición de *certiorari,* en la que solicita la revisión y anulación de los procedimientos seguidos por la corte inferior.

La única cuestión envuelta en este recurso es la de si en la tramitación ante la corte de distrito de una apelación de un caso de desahucio, seguido de acuerdo con el procedimiento sumario ante una corte municipal, el demandado apelante tiene derecho a que se celebren las dos compare-

cencias de acuerdo con lo dispuesto en las secciones 4 y 6 de la ley de 9 de marzo de 1905 (artículos 623 y 625 del Código de Enjuiciamiento Civil, ed. 1933), que leen así:

"Artículo 623.—Se ·promoverá el juicio por medio de demanda redactada conforme a lo prescrito para el juicio ordinario en el Código de Enjuiciamiento Civil, y presentada aquélla, se mandará convocar al actor y al demandado para una comparecencia que deberá celebrarse dentro de los diez días siguientes al en que se presente la reclamación.
" .    .    .    .    .    .    .

"Artículo 625.—El día de la comparecencia se celebrará el juicio y en él expondrán por su orden las partes lo que a su derecho conduzca y formularán en el acto toda la prueba que les convenga, y admitida la que se estime pertinente, se practicará dentro de un plazo que no podrá en ningún caso exceder de diez días. Terminadas las pruebas el juez o la corte en su caso dictará la sentencia dentro del término más breve posible. declarando haber o no lugar al desahucio. .Disponiéndose que las excepciones previas y todas las que el demandado haya de alegar deberán aducirse al contestar la demanda."

En el caso de *Avalo v. Corte*, 39 D.P.R. 847, los hechos eran prácticamente idénticos a los del de autos. Se trataba como en el presente caso de una apelación en un procedimiento sumario de desahucio procedente de una corte municipal. La corte de distrito señaló un día para celebrar la primera comparecencia y formular la prueba. Ninguna de las partes compareció en la fecha señalada y la vista fué suspendida. La corte, pocos días después, por su propia iniciativa y sin oír al demandado, señaló un día para la celebración conjuntamente de la primera y segunda comparecencia. Esta corte anuló la orden recurrida, diciendo:

". . . El peticionario está en lo cierto al sostener que las disposiciones del estatuto deben ser seguidas. La corte no tenía autoridad para combinar las dos comparecencias, a no ser por consentimiento del demandado o por su renuncia. Es evidente que el demandado fué obligado a entrar a juicio sin saber cuál era la prueba del demandante, y por tanto el demandado no tuvo la oportunidad para considerar la prueba escrita, oponerse a ella o repreguntar a los testigos del demandante después de haberse preparado debidamente.

Ninguna de estas cuestiones fué subsanada al permitir que el demandado . compareciera posteriormente. Todas estas posibles privaciones están cubiertas por la aseveración de que las disposiciones que exigen dos comparecencias son imperativas.

"Debe anularse la orden de 6 de agosto de 1928 y devolverse el caso a la Corte de Distrito de Humacao para que señale la primera y segunda comparecencia."

No nos convence la argumentación de la parte interventora. La vista ante la corte de distrito es un juicio *de novo,* en el que las partes litigantes tienen derecho a presentar nuevas pruebas, no estando limitadas en manera alguna a las que se practicaron ante la corte municipal. El demandado tiene derecho a saber antes de entrar a juicio de qué prueba ha de valerse el demandante para sostener su alegada causa de acción. Y pudiendo en el juicio *de novo* ante la corte de distrito presentarse evidencia distinta a la que fué sometida a la corte municipal, sostenemos que la apelación debe tramitarse en la misma forma que si el caso hubiese sido radicado originalmente en el tribunal de distrito, o sea celebrando las dos comparecencias prescritas por la ley reguladora del procedimiento en casos de desahucio.

Del récord ante nos no aparece que el demandado apelante renunciara en manera alguna su derecho a la celebración de ambas comparecencias.

*La resolución de 5 de febrero de 1941 debe ser anulada y el caso devuelto a la Corte de Distrito de Mayagüez para ulteriores procedimientos no inconsistentes con esta opinión.*