Negrón Soto, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
Recurren los peticionarios, arrendatarios de una propiedad perteneciente a la recurrida, Corporación Azucarera de Puerto Rico, de varias Resoluciones emitidas por el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Yauco, en las cuales éste deniega una Moción de Traslado, ordena en el caso de desahucio la consolidación de las dos vistas requeridas en el procedimiento sumario seguido y señala la vista en su fondo del caso para el 25 de febrero de 1997. Conjuntamente, los peticionarios presentaron una Moción en Auxilio de Jurisdicción. El 24 de febrero pasado decretamos la paralización de los procedimientos en instancia y le ordenamos al recurrido que mostrara causa por la cual no se debían revocar las Resoluciones recurridas. El recurrido compareció mediante escrito el 28 de febrero siguiente y los peticionarios presentaron una réplica el 3 de marzo del corriente año. Veamos los hechos relevantes en este recurso.
I
De los documentos incluidos en el Apéndice del recurso surge que entre las partes hay una controversia que se está ventilando en el caso civil número JAC95-554 (603) del Tribunal de *1178 Primera Instancia, Sala Superior de Ponce, en el cual los aquí peticionarios alegan que la demandada-recurrida incumplió con el contrato de arrendamiento, incluyendo el hecho de que el canon de arrendamiento es de $100.00 y no de $400.00. Además, en dicha demanda solicitan la concesión de daños y perjuicios por razón de que la arrendadora no ha cumplido con gestionarle unos permisos ante otras agencias del gobierno para que la propiedad pueda ser utilizada, de acuerdo al propósito para el que fue arrendada. Dicha demanda aparece jurada y fue objeto de una conferencia con antelación al juicio el 26 de noviembre de 1996. De la minuta de esa fecha surge claramente; que las partes llegaron a unas estipulaciones; que hay una reconvención, la cual fue permitida; que las partes debían reunirse el 31 de enero de 1997, para evaluar la prueba documental y determinar si llegaban a una estipulación y explorar la posibilidad de un acuerdo, en cuyo caso, debían informar por escrito al foro recurrido; y que la vista en los méritos fue señalada para el 22 de agosto de 1997. En esas circunstancias fue que la recurrida presentó la demanda de desahucio, que está fechada para el 27 de noviembre de 1996, en donde alega que se ha incumplido con el pago de los cánones de arrendamiento desde el 12 de septiembre de 1994.
En la primera comparecencia de la acción de desahucio por falta de pago, celebrada el 16 de enero de 1997, el tribunal recurrido denegó la solicitud de los demandados-peticionarios para que se suspendiera la misma, en atención a que necesitaban tiempo para comparecer por escrito en ese pleito y al estado en que se encontraba el caso ante el Tribunal Superior. No obstante la oposición de los demandados-peticionarios, el juez recurrido ordenó la consolidación de la vista y señaló juicio para el 25 de febrero de 1997. Posteriormente, los demandados-peticionarios solicitaron el traslado de ese pleito a la Sala Superior de Ponce y, mediante Resolución del 13 de febrero siguiente, dicho Tribunal la declaró no ha lugar.
De los hechos expuestos bajo juramento surge claramente que en el caso que se está ventilando en el Tribunal Superior está en controversia el término y el monto del canon de arrendamiento; además de si el arrendador, aquí recurrido, incumplió o no con el contrato no permitiendo que los peticionarios disfrutaran de la propiedad. Ante esas circunstancias, veamos si es posible que el Tribunal recurrido pueda decretar el desahucio por el procedimiento sumario estatuido en el Código de Enjuiciamiento Civil, Artículos 620 a 637, 32 L.P.R.A. sees. 2821-2838.
II
Disponen los artículos 623 y 625, 32 L.P.R.A., sees. 2824 y 2826, lo siguiente:

"Artículo 623. -Se promoverá el juicio por medio de demanda redactada conforme a lo prescrito para el juicio ordinario en el Código de Enjuiciamiento Civil, y presentada aquélla, se mandará convocar al actor y al demandado para una comparecencia que deberá celebrarse dentro de los diez días siguientes a aquél en que se presente la reclamación.

Artículo 625. -El día de la comparecencia se celebrará el juicio y en él expondrán por su orden las partes lo que a su derecho conduzca y formularán en el acto toda la prueba que les convenga, y admitida la que se estime pertinente, se practicará dentro de un plazo que no podrá en ningún caso exceder de diez días. Terminadas las pruebas el juez o la corte en su caso dictará la sentencia dentro del término más breve posible declarando haber o no lugar al desahucio. Disponiéndose que las excepciones previas y todas las que el demandado haya de alegar deberán aducirse al contestar la demanda"

Ha sido resuelto que los tribunales no tienen autoridad para consolidar esas dos comparecencias excepto cuando medie consentimiento del demandado o de alguna otra forma éste renuncie. Avalo v. Corte, 39 D.P.R. 847 (1929) y Pérez v. Corte, 58 D.P.R. 528 (1941). De celebrarse en esas condiciones un juicio sin que el demandado pueda saber cuál es la prueba del demandante y estar debidamente preparado para el mismo se le estaría negando el *1179 debido procedimiento de ley a dicha parte, por lo que cualquier determinación que se tomara sería inoficiosa,./bi<£ En el caso.ante nosotros5 el demandado, aquí recurrente, no renunció a la primera comparecencia;.al contrario, se.opuso expresamente a la consolidación de las dos vistas dispuestas en el procedimiento sumario según el estatuto antes transcrito. Ante esa situación es forzoso concluir que la determinación tomada por el Tribunal de Primera Instancia no puede prevalecer.
III
Con posterioridad a tal dictamen, los demandados-peticionarios solicitaron el traslado de la acción de desahucio al Tribunal de Primera Instancia, Sala Superior de Ponce, ya que ante dicho foro se estaba tramitando otro caso, supra, entre las mismas partes y sobre los mismos hechos y controversias. Alegaron en dicha moción que dicho traslado tenía como propósito el que se consolidaran ambos pleitos en bien de la justicia. La moción fue denegada por el foro recurrido.
Es sabido que la Regla 3.5(b) de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone que "cuando... los fines de la justicia así lo requieren el tribunal podrá ordenar el traslado de un pleito de la sala en que se está ventilando a otra sala". Sucn. Ortiz Ortiz v. Campoamor Redín, 125 D.P.R. 106, 108 (1990).
De otro lado, la Regla 38.1 de las de Procedimiento Civil, supra, dispone que:
"Cuando estén pendientes ante el tribunal pleitos que envuelvan cuestiones comunes de hechos o de derecho, éste podrá ordenar la celebración de una sola vista o juicio de cualquiera o de todas las cuestiones litigiosas envueltas en dichos pleitos; podrá ordenar que todos los pleitos sean consolidados; y podrá, a este respecto, dictar aquellas órdenes que tiendan a evitar gastos innecesarios o dilación." Regla 38.1 de Procedimiento Civil, 32 L.P.R.A. Ap. II.
De la misma se desprende que "existen dos requisitos para que proceda inicialmente una solicitud de consolidación: que los casos presenten cuestiones comunes de hechos o de derecho; y que éstos estén pendientes ante el tribunal." Vives Vázquez v. E.L.A. de Puerto Rico y Otros, 94 J.T.S. 164, págs. 413-414.
Nuestra Regla requiere que los casos a consolidarse tengan asuntos en común aunque no surjan del mismo asunto o transacción. Así, no es necesario que la totalidad de las controversias de hechos y de derecho sean idénticas ni comunes, aunque sí tiene que haber similaridad entre las mismas. Ibid, pág. 414. De otro lado, nuestra Regla está predicada en los principios básicos de un sistema judicial unificado que permite la flexibilidad y libertad en las solicitudes de consolidación por lo que la frase "[cjuando estén pendientes ante el tribunal...", contenida en la Regla 38.1 de Procedimiento Civil, supra, sobre consolidación, "sólo requiere que los casos a consolidarse se hayan presentado y su trámite esté pendiente ante alguna de las salas del Tribunal de Primera Instancia." Ibid.
Elaborando nuestra norma de consolidación de casos en Vives Vázquez v. E.L.A. de Puerto Rico y Otros, supra, nuestro Tribunal Supremo además dispuso que:
"Analizados y delimitados los dos requisitos ya mencionados, [17] pasemos a considerar criterios cuya aplicación podría ayudar a guiar el criterio del juzgador al resolver solicitudes de consolidación. En términos generales, la jurisprudencia federal ha resuelto que al decidir sobre una solicitud de consolidación, el juzgador debe considerar si la misma propendería a una resolución justa, rápida y económica de las acciones. Igualmente debe considerar si la consolidación tiende a evitar resultados inconsistentes entre las distintas disputas que presenten cuestiones similares de hechos o dé derecho. Hendrix v. *1180 Raybestos-Manhattan, Inc., 776 F2d 1492 (11th Cir. 1985); Consorti v. Armstrong World Indus., Inc., 72 F.3d 1003 (2nd Cir. 1995). También de forma general, los tribunales han considerado los perjuicios que la consolidación podría causarle a los litigantes y al sistema de impartir justicia, y la posibilidad de que los mismos no puedan ser evitados mediante órdenes cautelares emitidas por el tribunal sentenciador, prestando especial atención a las circunstancias particulares del caso. Lo importante es que dadas las circunstancias, la consolidación tienda a promover la buena administración de la justicia, la aceleración en la resolución de las disputas y la reducción de costos en la litigación." Prudential Ins. Co. v. Marine Nat'l Exch. Bank, 55 F.R.D. 436 (E.D. Wis. 1972); Hendrix v. Raybestos-Manhattan, Inc., supra. [18]

Hay que considerar, también, que la posibilidad de perjuicio no impide necesariamente la concesión de la consolidación. Frente a una alegación de perjuicio por una de las partes, el tribunal debe hacer un balance de los intereses involucrados y ponderar el supuesto perjuicio, que debe de ser uno real, no subjetivo, versus el interés de que se logre una solución justa, rápida y económica de la controversia. Debe, además, considerarse la posibilidad de que mediante órdenes cautelares puedan evitarse los efectos perjudiciales de la consolidación. Consorti v. Armstrong World Indus., Inc., supra. [19]

El momento en que se solicita la consolidación es también un factor a considerar. Moore's Federal Practice and Procedure, supra, págs. 42-6. El tribunal deberá analizar la etapa procesal en la cual se encuentran las acciones cuya consolidación se solicita. En este respecto considerará: la existencia de mociones potencialmente dispositivas de las acciones que estén pendientes ante los tribunales; si se han presentado todas las alegaciones requeridas por las Reglas de Procedimiento Civil; el descubrimiento de prueba a efectuarse o efectuado en los casos; y cualquier otra consideración respecto al desarrollo procesal de los casos que pueda ofrecer criterios al juzgador para guiar su ánimo.

En todo caso la decisión es circunstancial y requiere medir todas las consideraciones a favor y en contra de la consolidación, prestando particular atención a los hechos que tenga ante sí el juzgador en relación a todos los casos respecto a los cuales se solicita la misma. 9 Wright efe Miller, Federal Practice and Procedure, 438 (1995). Es el balance de todas las consideraciones lo que determina la decisión.
Por último, el juzgador debe tomar en consideración también, cuando sea pertinente, la complejidad de los casos. La consolidación ha sido citada como uno de los mecanismos a seguir para atender adecuadamente casos complejos, ya por la naturaleza de las controversias que presentan o por la multiplicidad de partes. Manual for Complex Litigation, 322 (3rd. 1995). [20] En este sentido, en nuestra jurisdicción la consolidación es un mecanismo adicional con el que cuenta el Tribunal de Primera Instancia para asegurarse de que en los pleitos ante su atención se produzca una "solución justa, rápida y económica"." Regla 1 de Procedimiento Civil, 32 L.P.R.A. Ap. III.
Si bien era cierto en nuestro caso que la Sub-sección de Distrito, Sala de Yauco, no tenía ante sí el caso sobre incumplimiento del contrato del cual surgía la acción de desahucio y daños y perjuicios que se estaba ventilando en la Sala Superior de Ponce por la vía ordinaria, para aplicar las normas de consolidación, en sano juicio debió trasladar el caso para que ese foro fuera el que determinara el trámite procesal a seguir, de manera que todos los asuntos planteados se pudieran resolver en la forma más justa, rápida y menos costosa.
IV
Como dijimos antes y sin que se entienda que estamos expresando criterio en los méritos de las controversias planteadas ante el foro de instancia, la demanda de incumplimiento de contrato y de daños y perjuicios fue juramentada, mientras que los otros documentos y *1181 alegaciones de las partes no lo están. También, se presentó el contrato de arrendamiento del inmueble arrendado debidamente firmado por las- partes, incluyendo a los demandados-recurrentes, en el cual se fija el canon de arrendamiento en $400.00-mensuales y el término de arrendamiento en un año a vencer el 30 de junio de 1995. O sea, que a base del contrato, el término del arrendamiento ya venció. No sería permisible en derecho que por sólo una mera aseveración de una parte, a los efectos de que un contrato adolece de errores y no recoge lo acordado por las partes, se suspendieran todos sus acuerdos escritos y con ello se lograra extender su vigencia sin pagar el canon de arrendamiento, menos aún sin que se haya asegurado el mismo. "Ni el Derecho ni los Tribunales de Justicia existen para facilitar o permitir a los contratantes evadir el cumplimiento de sus obligaciones." Matricardi v. Peñagarícano, Admor., 94 D.P.R. 2, 4 (1967). Corresponde al Tribunal de Primera Instancia determinar el trámite procesal a seguir en estos casos, salvaguardando los intereses de todas las partes.
y
En resumen, el procedimiento especial de desahucio de naturaleza sumaria no puede ser utilizado cuando hay una controversia contractual bonafide entre las partes sobre el monto del canon, sobre si el contrato fue enmendado y sobre si las partes lo violaron al extremo de variarse cláusulas que afectan su vigencia y canon. Como las partes ya estaban litigando ese caso ante el Tribunal Superior de Ponce, el cual estaba prácticamente preparado para juicio, procedía la solicitud de traslado del pleito de desahucio de la Sub-sección de Distrito, Sala de Yauco, a ese foro para que allí se determinaran los procedimientos ulteriores, incluyendo la consolidación de los casos o la ventilación primero de alguno de ellos, además de cualquier otra disposición interlocutoria relacionada con el canon de arrendamiento y/o su forma de pago, conforme a lo dispuesto en el Artículo 628 del Código de Enjuiciamiento Civil, 32 L.P.R.A., see. 2829 y a la Regla 56 de las de Procedimiento Civil, supra.
En atención a lo anteriormente expresado se expide este auto, se revocan las Resoluciones emitidas el 12 de febrero de 1997 por el foro recurrido y en consecuencia se deja sin efecto la vista señalada para el 25 de febrero de 1997 y se ordena el traslado del caso al Tribunal de Primera Instancia, Sala Superior de Ponce, para que éste resuelva si procede o no la consolidación con el caso número JAC95-0554, determine el trámite procesal a seguir en el mismo y tome cualquier otra providencia consistente con lo aquí resuelto.
Así lo acordó el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General