**HOFSTADTER v. RUDERMAN.**

United States District Court
S. D. New York.

Dec. 1, 1953.

478

Henry L. Shenier, New York City, for plaintiff.

Paul Kolisch, New York City, N. Y., for defendant.

MURPHY, District Judge.

These are motions by plaintiff to dismiss a counterclaim and to strike certain paragraphs from the answer in defendant's pleading in a suit for patent infringement. Plaintiff's patent claims an improved means for detecting ionizing radiations in a convenient manner. Prolonged exposure to such radiation is dangerous. Plaintiff's invention makes visible such radiation by means of a certain luminescent crystal.

We consider first plaintiff's motion addressed to defendant's counterclaim. The complaint alleges letters patent to plaintiff and infringement by defendant. It demands injunction and treble damages against defendant. The answer admits manufacture and sale of certain crystals, denies the validity of plaintiff's patent generally because it lacks inventive genius, and further denies liability because a third party, the United States Government, and not plaintiff, is equitably the owner of the patent. Defendant's counterclaim purports to assert a claim for declaratory judgment under 28 U.S.C.A. §§ 371, 400,[1] to the effect that plaintiff's patent is invalid, that it is not infringed by defendant, that plaintiff is not legal and equitable owner of the patent, that the third party, the United States Government, is licensed under the patent and "wherefore defendant is licensed to sell to the United States Government and its duly authorized contractors." Defendant also seeks injunction restraining plaintiff from asserting claims against defendant for sales to the United States Government or others, and demands costs and attorney's fees.

If the purpose of pleading is to frame issues of fact for trial as narrow-

1. 1948 Revision, 28 U.S.C.A. §§ 1338, 2201, 2202.

ly as feasible, then the office of the counterclaim cannot be fulfilled by claims which echo the answer or reflect mirror-like, in reverse imagery, the complaint. But upon inspection of the pleadings, we do not find that the issues of fact raised by complaint and answer are necessarily the sole ones presented by the counterclaim in the instant case. For example, assuming pleadings consisting merely of complaint and answer one possible disposition of the case by the trial court would be in favor of defendant on the grounds of noninfringement. In such event, even a finding by the court that the patent was valid or invalid would be moot and hypothetical because immaterial to the disposition of the cause. See Altvater v. Freeman, 319 U.S. 359, at page 363, 63 S.Ct. 1115, at page 1117, 87 L.Ed. 1450. In addition, other more obvious claims listed in the counterclaim would not necessarily be resolved by disposition of the cause on complaint and answer alone; e. g., declaratory judgment that plaintiff is not the legal and equitable owner of the patent, the injunction against plaintiff restraining assertion of claims against defendant, and many others. Moreover the complaint does not specify with the same particularity defendant's products sought to be restrained as does the counterclaim.

■ Concededly a defendant is now protected from capricious withdrawal of his adversary's complaint in a patent suit without resorting to counterclaim. Rule 41(a), Fed.Rules Civ.Proc., 28 U.S.C.A. While the need for a counterclaim seeking declaratory judgment is diminished by this Rule, it is by no means extinguished. See Leach v. Ross Heater & Mfg. Co., 2 Cir., 104 F.2d 88, at page 92. Indeed the complaint alleges that plaintiff notified defendant "of his infringement and requested him to take a license upon the same fair and reasonable terms and conditions as the license theretofore granted by your plaintiff to another or cease and desist from infringing said Letters .Patent." One function

of the counterclaim in patent suits "was to lift the heavy hand of that tribute * * * the only other course was to defy [an injunction decree], and to risk not only actual but treble damages in infringement suits. Rev.Stat. § 4919, 35 U.S.C. § 67, 35 U.S.C.A. § 67. It was the function of the Declaratory Judgment Act to afford relief against such peril and insecurity." Altvater v. Freeman, supra, 319 U.S. 359, at page 365, 63 S.Ct. at page 1118. Such "insecurity" and "peril" may be created by the mere filing of an infringement suit with its attendant notice of pendency brought home to defendant's potential customers in the official publications of the United States Patent Office. Moreover the "existence of an invalid patent may substantially impair the economic position of those who market articles which infringe such a patent, even though no infringement suits may be immediately threatened. Potential purchasers may naturally be reluctant to establish business relations upon so insecure a basis." Id., 319 U.S. at page 371, 63 S.Ct. at page 1121. Apart then from allegation of threats by plaintiff to sue for infringement, we think the motion to dismiss the counterclaim should be denied.

■ With respect to plaintiff's motion to strike certain paragraphs from the answer made on the grounds that they raise a defense insufficient as a matter of law, it should be observed in passing that such paragraphs are verbose and repetitious. But the motion to strike goes to the heart of their sufficiency at law and not to their redundancy. On the basis of the pleadings, without aid of affidavits, it is difficult to determine whether or not there are triable issues of fact in connection with the resolution of the question of law involved. Accordingly, this motion is denied without prejudice to its resolution favorable to the plaintiff at trial, or to its submission with necessary supporting affidavits under some appropriate motion before trial.

Judgment accordingly.