Amen ATIYEH, Plaintiff,

v.

The FILTEX CORPORATION, Defendant.

Civ. No. 13,555.

United States District Court, S. D. California, Central Division.

March 25, 1955.

Lyon & Lyon, by Charles G. Lyon, Los Angeles, Cal., for plaintiff.

Huebner, Beehler, Worrel & Herzig, by Vernon D. Beehler, Los Angeles, Cal., for defendant.

TOLIN, District Judge.

Plaintiff brought a patent infringement action against defendant which action was subsequently resolved in favor of the plaintiff and judgment entered accordingly.[1] The judgment recites in part:

"9. That a perpetual injunction issue out and under the seal of this Court restraining the defendant, its officers, agents, servants and employees from manufacturing, using or selling devices similar to plaintiff's Exhibit 2 or defendant's Exhibit A or for otherwise infringing Claims 1, 3 and 4 of Letters Patent of the United States No. 2,556,022, * * * *".[2]

Defendant now brings on a "Motion to Construe the Judgment" in which the Court is requested to determine whether or not either or both of two "reconstructed" devices avoid infringement of the patent in suit. The defendant alleges that it is desirous of avoiding infringement and, more particularly, of avoiding a citation for contempt of Court for a violation of the injunction set forth in the judgment.

■ Defendant's motion appears to be novel to the Court, and although counsel for defendant contends that this procedure is usual, no citation of authority for such procedure has been forthcoming as requested by the Court. At the hearing, defendant admitted that in effect what it wants is a declaratory adjudication that the revised structure does not infringe the patent, nor violate the injunctive judgment. Yet, rather than taking the form of an action for declaratory relief, defendant has chosen to present the matter by this summary method. One function of the declaratory judgment act was to afford relief against the peril and insecurity of defying an injunctive decree in a patent suit.[3] Possibly one reason defendant has chosen this method is that since the revised products are not yet on the market, an "actual controversy" may not be present so as to give the Court jurisdiction.[4]

Certain practical objections to this summary method are apparent. Even if the facts presented an actual case or controversy, would the order granting or denying the motion be such as might be reviewable? Such a method would also seem to circumvent the patentee's right to a trial of the fact issues by a jury. This right would exist if the matter were properly presented by an action for declaratory relief.[5]

Historically, certain other remedies have developed in similar situations to afford protection to the patentee. The

**1.** Affirmed on appeal: Filtex Corporation v. Amen Atiyeh, 9 Cir., 1955, 216 F.2d 443.

**2.** The judgment was prepared by the plaintiff's attorney and approved as to form by the attorney for the defendant.

**3.** Altvater v. Freeman, 1943, 319 U.S. 359, 63 S.Ct. 1115, 87 L.Ed. 1450; Hofstadter v. Ruderman, D.C.N.Y.1953, 118 F.Supp. 477.

**4.** 28 U.S.C.A. § 2201, Altvater v. Freeman, 319 U.S. 359, 63 S.Ct. 1115, 87 L.Ed. 1450.

**5.** Fed.Rules Civ.Proc. rule 57, 28 U.S.C.A.

**198**

Eighth Circuit Court of Appeals has outlined several.[6]

"Not infrequently it occurs that, after a bill charging infringement of a patent has been filed, the defendant changes to a thing different from that which is accused in the bill. If the plaintiff desires protection from the new thing, as an infringement, he has a choice of remedies or methods depending upon the stage of the case, the situation in the litigation, and the difference between the accused and the new thing. If the new thing is discovered before trial, it can be brought in by amendment (citations) or by supplemental bill (citation) or it may be the subject of a separate action. If the discovery is made after interlocutory decree determining infringement by the accused thing and granting injunction and accounting, the new thing may be brought into the action by attachment for contempt of the injunction decree, by motion for supplemental injunction, by introduction into the accounting proceeding before the master or by supplemental bill; or there may be a new action. * * * "

The Court can conceive of a situation in which a "Motion to Construe a Judgment" would be proper. However, in the immediate case the Court is not asked to *construe* the judgment, but rather is asked to *apply* the judgment and general patent law to a particular device and is asked for an advisory opinion as to whether or not the new device infringes the patent and violates the injunction. The new devices are not the result of the Court's judgment but rather the result of defendant's mechanical or inventive skill. The Court does not have power to give an advisory opinion on a new device, by a supplemental, summary proceeding in a former patent infringement case.

The motion is denied.

6. Hartford-Empire Co. v. Obear-Nester Glass Co., 8 Cir., 1938, 95 F.2d 414, 416.