Jacques FISHER, Plaintiff,

v.

DONBAR DEVELOPMENT CORP., a Delaware Corporation having its principal place of business in Queens County, New York, Defendant.

No. 67–C–140.

United States District Court
E. D. New York.

May 1, 1967.

Leslie W. Gallt, New York City, for plaintiff.

Walter Feldesman, New York City, for defendant; Wynne Stern, Jr., New York City, of counsel.

ROSLING, District Judge.

Plaintiff Fisher in the above action ["Fisher action"] moves to consolidate it pursuant to Fed.R.Civ.P. 42(a) with another action pending in this court entitled Winston v. Donbar Development Corp ["Donbar"]. Such latter action (Docket 64–C–169) is referred to herein as the "Winston action."

Donbar is the sole defendant in both actions and in each is sued by a plaintiff on his claim for damages arising out of the alleged failure and refusal of Donbar to file a Registration statement under the Securities Act of 1933 and to qualify its class B shares of capital stock thereunder so that they could be marketed.

Fisher and Winston severally allege in their respective complaints that each received certain shares of such stock from Donbar by virtue of the same underwriting agreement concerning the marketing of the Donbar issues. It was in connection with these activities that the promise to register and qualify was given. Fisher's complaint declares that the shares he received were compensation to him for acting as a "finder" whereby he "brought the defendant [Donbar] to its successful financing venture through an underwriting of defendant's securities."

Winston for his part avers that the stock he acquired from Donbar was delivered to him in consideration of an agreement with him to act as an underwriter of an offering to the general public of class A stock of Donbar.

The subjoined chronology discloses that Winston has in marked contrast with Fisher been diligent in the prosecution of his claim.

### Winston Action

| | |
|---|---|
| February 18, 1964 | — Complaint filed, commencing action. |
| April 8, 1964 | — Answer filed. |
| March 22, 1965 | — Note of issue filed placing case on calendar. |
| April 19, 1967 | — Pretrial held and order signed by Judge Mishler. |

### Fisher Action

| | |
|---|---|
| February 15, 1967 | — Complaint filed, commencing action. |
| March 15, 1967 | — Answer filed.<br>Notice by defendant to depose Fisher filed. |
| April 12, 1967 | — Instant motion to consolidate returnable.<br>Action not yet noticed for trial. |

Winston opposes the motion, alleging that his action will be prejudicially delayed if consolidation is authorized. He concedes what the papers themselves strongly suggest, that "there are many similar questions of fact contained in both cases." Donbar likewise opposes, citing instances of dissimilarity in the issues litigable in the two actions, arguing that their submission may serve to confuse the jury were a single trial to be held. The court does not view the opposition of Donbar as of sufficient significance to bar the order sought in the absence of other considerations lending weight to its plea for separate trials.

█ When common questions of law or fact exist consolidation is favored "as a matter of convenience and economy in administration" of the courts. Johnson v. Manhattan Ry. Co., 289 U.S. 479, 53 S.Ct. 721, 77 L.Ed. 1331 (1933); McAlister v. Guterma, 263 F.2d 65, 68 (2d Cir. 1958); 5 Moore's Fed.Prac. (2d Ed.) ¶ 42.02. Indeed, the court may on its own motion provide for a single trial of the issues of multiple actions. Mutual Life Ins. Co. of New York v. Hillmon, 145 U.S. 285, 12 S.Ct. 909, 36 L.Ed. 706 (1892); Keep v. Indianapolis & St. L. R., 10 F. 454 (CC E.D.Mo.1882). Moore id. p. 1203 and fn. 4.

█ Fisher's case has not yet been noticed for trial and its pretrial is still far in the offing. It is, accordingly, determined that if on the one hand the Fisher action is placed on the calendar upon the filing of an unqualified affidavit of readiness and the pretrial proceeding shall have been completed and on the other the Winston case continues untried, the Clerk of the Court upon proof sub-

mitted by Fisher that these conditions have been met shall upon his request add the Fisher action to the day calendar whereon the Winston case appears and enter it directly beneath the Winston case. Thereupon if the Fisher case is ready for trial when the calendar is called, the two cases shall be tried together reserving, however, the calendar disposition to the discretion of the judge presiding over said calendar.

Manifestly, the Fisher action may be slowed in its progress if he were to wait for the clerk to calendar his action for pretrial in ordinary course. Fisher may, therefore, if he is so advised, himself move, when his action shall have been duly noticed for trial, under Fed.R.Civ.P. 16 for appropriate relief. While under the rule, literally read, it is the court which is vested with the discretion to call the case up for pretrial, such action may be instigated by a suggestion from counsel in the form of a motion.

Settle order on notice.