**TRANSEASTERN SHIPPING CORPORATION, Plaintiff,**

v.

**INDIA SUPPLY MISSION, Defendant.**

**INDIA SUPPLY MISSION, Plaintiff,**

v.

**NATIONAL TRANSPORT CORPORATION, Defendant.**

**INDIA SUPPLY MISSION, Plaintiff,**

v.

**CONNECTICUT TRANSPORT, INC., Defendant.**

**ISBRANDTSEN TANKERS, INC., Plaintiff,**

v.

**INDIA SUPPLY MISSION, Defendant.**

**VENORE TRANSPORTATION COMPANY, Plaintiff,**

v.

**INDIA SUPPLY MISSION, Defendant.**

Nos. 67 Civ. 2578, 67 Civ. 3128, 67 Civ. 3496, 68 Civ. 407, 68 Civ. 1134–68 Civ. 1139.

United States District Court, S. D. New York.

July 14, 1971.

Burke & Parsons, New York City, for Transeastern Shipping Corp. and Venore Transportation Co.; Alfred A. Meyer and Mary A. Sharaf, New York City, of counsel.

Baker, Nelson, Williams & Mitchell, New York City, for India Supply Mission; Robert E. Meshel, New York City, of counsel.

Healy & Baillie, New York City, for National Transport Corp.; Bruce A. McAllister, New York City, of counsel.

Burlingham, Underwood, Wright, White & Lord, New York City, for Connecticut Transport, Inc.; Guy E. C. Maitland, New York City, of counsel.

Lord, Day & Lord, New York City, for Isbrandtsen Tankers, Inc.; Woodson D. Scott, New York City, of counsel.

METZNER, District Judge:

India Supply Mission, defendant in the first of the above actions, moves pursuant to Rule 42(a), Fed.R.Civ.P., for an order consolidating that action with nine other actions for all purposes.

Each of the ten actions presents a similar admiralty claim arising out of a similar set of facts. At various times during 1966 the India Supply Mission entered into a charter party contract with each claimant as owner of the chartered vessel. All ten contracts were substantially identical, covering bulk shipments of food grain from ports in the United States to the Port of Calcutta in India. Each contract contained a provision for demurrage to be paid if there was delay in discharging the cargo at Calcutta. The shipments arrived at Calcutta at diverse times during the latter part of 1966. In each case there was delay in discharge, and the claimants now seek to collect the demurrage.

Under Rule 42(a), the court may consolidate two or more actions pending before it if they involve common questions of law or fact. It is clear that there are such common questions in the present cases. In all ten cases the determinative legal issue is the same: whether or not the vessel owners are entitled to demurrage under the terms of their respective contracts. In all ten cases the contracts to be interpreted are substantially the same, and the delay in discharge oc-

curred at the same place and at about the same time.

■■ However, the decision to consolidate is discretionary with the court and turns essentially on balancing the time that might be saved against the possible delay or prejudice involved in consolidation. Stein, Hall & Co. v. Scindia Steam Navigation Co., 264 F.Supp. 499, 501 (S.D.N.Y.1967). See Bascom Launder Corp. v. Telecoin Corp., 15 F. R.D. 277 (S.D.N.Y.1953). The burden is on the movant to convince the court that there should be consolidation.

Although there are common questions of law and fact in the ten cases involved here, their respective calendar positions vary greatly. Of the ten cases, at least one, Venore Transportation Co. v. India Supply Mission, 68 Civ. 1135, has completed its pretrial and is ready to be tried. Others are at various stages in their pretrial, and in some the pretrial has not yet begun.

■ These cases have been pending in this court for over two years, and defendant has waited until the eve of trial in one of them to move for consolidation. If the court were to order consolidation now, the cases which were ready for or close to trial would have to be held up pending completion of pretrial in the other cases. Such a result would delay rather than expedite the disposition of those cases which are now prepared for trial. In such a situation courts have consistently denied consolidation. Fisher v. Donbar Development Corp., 42 F.R.D. 655 (E.D.N.Y.1967); Borup v. National Airlines, Inc., 159 F. Supp. 807 (S.D.N.Y.1956).

Furthermore, because of the similarity of issues in the ten cases, it is likely that a disposition in one will encourage settlement in the others. Under the circumstances, if consolidation is granted, delay will result in the disposition of ten cases.

The motion to consolidate is denied.

So ordered.