436

The **PRUDENTIAL INSURANCE COMPANY OF AMERICA,** a New Jersey corporation, Plaintiff,

v.

**MARINE NATIONAL EXCHANGE BANK,** Defendant.

The **PRUDENTIAL INSURANCE COMPANY OF AMERICA,** a New Jersey corporation, Plaintiff,

v.

**CAPITOL MARINE BANK,** Defendant.

Nos. 69–C–545, 69–C–546.

United States District Court,
E. D. Wisconsin.

May 23, 1972.

See also D.C. 52 F.R.D. 367.

Quarles, Herriott, Clemons, Teschner & Noelke, by Frank J. Daily, Milwaukee, Wis., for plaintiff.

Kluwin, Dunphy, Hankin & Hayes, by Ward Dunphy, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant in each of the above-entitled actions has moved for consolidation, pursuant to Rule 42(a), Federal Rules of Civil Procedure. In addition, the plaintiff has filed a motion which seeks an order striking the fourth affirmative defense contained in the first amended answer of the defendant in each of the cases. The motions to consolidate will be considered first.

The complaint in the case numbered 69–C–545 alleges that the defendant negligently paid out $20,000 on a check drawn by the plaintiff on which the payee's endorsement was forged. In case 69–C–546, it is averred that 26 checks drawn by the plaintiff and bearing forged endorsements were negligently cashed by the defendant; the plaintiff also asserts that the defendant, like the defendant in case 69–C–545, "failed to follow reasonable commercial standards" in cashing each check, "although it knew or had reasonable cause to believe that the endorsement of the payee was a forgery and that the person presenting the check was not entitled to the proceeds thereof."

Rule 42(a) provides:

"When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

The plaintiff acknowledges that a common question of law exists in both cases; however, it resists the defendants' assertion that a common question of fact is involved. The plaintiff contends that "the facts necessary to develop and resolve questions raised . . . [by the defendant in each case] . . . are drastically different . . . and would tend to confuse a jury so as to preclude them from deliberating effectively and thoroughly on the separate liability of each defendant in these two separate cases." Finally, the plaintiff declares that case 69–C–545 is ready for trial, whereas "substantial discovery and trial preparation remains" in case 69–C–546; thus, the plaintiff argues, consolidation would result in "burdensome delay" of case 69–C–545.

■ The power of the court to order consolidation is discretionary. Turner v. Transportacion Maritima Mexicana S.A., 44 F.R.D. 412, 415 (E. D.Pa.1968). In general, consolidation under Rule 42(a) does not result in a merger of the separate actions into a single cause, and the defendants in the present actions appear to seek consolidation only for purposes of trial. See Abrams v. Occidental Petroleum Corp., 44 F.R.D. 543, 547 (S.D.N.Y.1968); 9 Wright & Miller, Federal Practice & Procedure § 2382, at 255 (1971). The moving party has the burden of persuading the court that consolidation is desirable, and the fact that a common question of law exists does not alone justify consolidation in the absence of other factors which would promote "trial convenience and economy in administration." Schacht v. Javits, 53 F.R.D. 321, 324–325 (S.D.N.Y.1971).

■ The defendants do not dispute the plaintiff's contention that the two actions are at substantially different stages of preparation. Both actions were filed more than two years ago and, while it is difficult to condone the apparent delay in the preparation of case 69–C–546, I believe that consolidation would further prevent the setting of a trial date for the action that is ready for disposition. In Transeastern Ship-

ping Corp. v. India Supply Mission, 53 F.R.D. 204, 206 (S.D.N.Y.1971), the court stated:

> "These cases have been pending in this court for over two years, and defendant has waited until the eve of trial in one of them to move for consolidation. If the court were to order consolidation now, the cases which were ready for or close to trial would have to be held up pending completion of pretrial in the other cases. Such a result would delay rather than expedite the disposition of those cases which are now prepared for trial. In such a situation courts have consistently denied consolidation."

See also Continental Bank & Trust Co. v. Ol. s. E. D. Platzer, 304 F.Supp. 228, 229 (S.D.Tex.1969). The defendants' motion for consolidation will be denied.

As already noted, the plaintiff has moved, pursuant to Rule 12(f), Federal Rules of Civil Procedure, to strike the fourth affirmative defense contained in each defendant's first amended answer; the fourth affirmative defense is the same in each action and states:

> "4) That plaintiff in issuing said checks and causing said checks to be delivered to the addresses supplied by its agent and employee, James C. Williamson, was negligent:
>
> "a) in employing a known gambler in a position in which false loan applications could be submitted by him to plaintiff.
>
> "b) in failing to verify, with the policy holders, the validity of each policy holder's application for loan and permitting its agent and employee to process false loan applications."

Rule 12(f) provides, in part:

> "Upon motion made by a party . . . or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense. . . ."

The plaintiff argues that the facts stated in the fourth affirmative defense

"are insufficient to constitute a defense [under the Uniform Commercial Code § 3–406, § 403.406, Wis.Stats.] to the cause of action pleaded by the plaintiff." It contends that the facts put forth by the defendants do not reach the level or quality of negligence contemplated by § 3–406 and are, moreover, "highly prejudicial to plaintiff, especially in the presence of a jury." The defendants, on the other hand, declare that a grant of the plaintiff's motion will deprive the defendants "of their legal right to establish that plaintiff's negligence substantially contributed in the making of the unauthorized signature on each check which could not have been accomplished except by the scheme . . . perpetrated by plaintiff's agent and employee."

■■ In my opinion, the plaintiff's motion must be denied. I am unable to say, upon the present record, that the fourth affirmative defense, as a matter of law, is deficient as not within the scope of the Uniform Commercial Code's § 3–406. A motion to strike a defense for insufficiency is appropriate only when the defense is frivolous or clearly presents no bona fide issue of fact or law. Wilkinson v. Feild, 108 F.Supp. 541, 545 (W.D.Ark.1952). In Lopez v. Resort Airlines, Inc., 18 F.R.D. 37, 41 (S.D.N.Y.1955), the court stated:

> " 'Motions to strike are rather strictly considered and have often been denied even when literally within the provisions of Rule 12(f) where there is no showing of prejudicial harm to the moving party. . . . Nor have the courts been willing to determine disputed and substantial questions of law or the legal consequences of pleadings upon a motion to strike.' "

The plaintiff's motion to strike the defendants' fourth affirmative defense will be denied without prejudice to its right later to renew the motion before or at the trials. See Hofstadter v. Ruderman, 118 F.Supp. 477, 479 (S.D.N.Y.1953).

Therefore, it is ordered that the defendants' motions to consolidate be and hereby are denied.

It is also ordered that the plaintiff's motion to strike the defendants' fourth affirmative defense be and hereby is denied, without prejudice.