Frank **CAPLAN d/b/a The Princeton Center for Infancy and Early Childhood, Plaintiff,**

v.

**AMERICAN BABY, INC., Defendant.**

**No. 83 Civ. 3354 (MEL).**

United States District Court,
S.D. New York.

April 10, 1984.

---

Frumkin & Manta, Pottsville, Pa., for plaintiff; Richard L. Caplan, Pottsville, Pa., of counsel.

Robinson, Silverman, Pearce, Aronsohn & Berman, New York City, for defendant.

LASKER, District Judge.

Frank Caplan sues the defendant, American Baby Inc. ("ABI") alleging *inter alia* that ABI has infringed his copyright and trademark in the words "THE FIRST YEAR OF LIFE." ABI asserts three counterclaims, two of which seek declaratory relief and one of which alleges that the plaintiff's filing of this lawsuit constitutes a violation of § 2 of the Sherman Antitrust Act. Caplan now moves pursuant to F.R. Civ.Pr. 12(b)(6) to dismiss the defendant's counterclaims on the grounds that they fail to state claims for which relief can be granted. Caplan's motion as to the defendant's first and second counterclaims is denied. Decision as to ABI's third counterclaim is deferred pending limited discovery.

ABI's first counterclaim requests a declaration that Caplan's alleged trademark is void and unenforceable, and that the registration of the mark is invalid and should be cancelled. Its second counterclaim seeks a declaration that its works do not infringe any copyrights held by Caplan. Caplan argues that these counterclaims should be dismissed because they are "wholly redundant" to the issues raised by the complaint and adjudication of them would constitute a waste of judicial resources. The argument is without merit. Merely because a counterclaim repeats the issues raised in the original complaint does not automatically warrant dismissal, and even if it did, the issues raised by ABI's counterclaim are not identical with those asserted by Caplan's complaint. The validity of the plaintiff's mark and its registration go well beyond the issues raised in the original complaint. *See, Hofstader v. Ru-*

*derman,* 118 F.Supp. 477 (S.D.N.Y.1953). Accordingly, plaintiff's motion to dismiss the first two counterclaims is denied.

ABI's third counterclaim alleges that Caplan's attempt to register what ABI describes as an unenforceable trademark, and to enjoin others from its use despite its cancellation pursuant to 15 U.S.C. § 1058, constitutes a willful and knowing attempt to monopolize the marking of literary materials dealing with an infant's first year of life in violation of § 2 of the Sherman Act, 15 U.S.C. § 2. Caplan answers that the counterclaim fails to set forth facts sufficient to state a claim under § 2 of the Sherman Act, and that the actions the defendant complains of are protected by the Noerr-Pennington doctrine discussed below. In response, the defendant argues that the actions complained of are not protected by the Noerr-Pennington doctrine because they fall within its "sham" exception.

The Noerr-Pennington doctrine has been articulated in a trilogy of Supreme Court cases, *Eastern Railroad Presidents Conference v. Noerr Motor Freight,* 365 U.S. 127, 81 S.Ct. 523, 5 L.Ed.2d 464 (1961), *United Mine Workers v. Pennington,* 381 U.S. 657, 85 S.Ct. 1585, 14 L.Ed.2d 626 (1965) and *California Motor Transport v. Trucking Unlimited,* 404 U.S. 508, 92 S.Ct. 609, 30 L.Ed.2d 642 (1972), which hold that activities attempting to influence legislative, executive, administrative or judicial action to eliminate competition are immune from federal antitrust liability unless the conduct falls within the "sham" exception. ABI's third counterclaim alleges that the plaintiff filed this lawsuit with the knowledge that his trademark was invalid and unenforceable. Caplan argues that the allegation is merely conclusory and that to permit the counterclaim would unconstitutionally chill his right to sue. Ordinarily, dismissal under 12(b)(6) is proper only if it appears beyond a reasonable doubt that the party seeking relief can prove no set of facts to support the claim. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80

(1957). However, in cases alleging antitrust activity as to conduct which is prima facie protected by the First Amendment, the danger that the mere pendency of the claim will have a chilling effect on the exercise of First Amendment rights requires a greater degree of specificity in the complaint than would otherwise be the case. *Franchise Realty v. San Francisco Local Joint Executive Board of Culinary Workers,* 542 F.2d 1076, 1083 (9th Cir. 1976); *see also, Association of Data Processing Services Organizations Inc. v. Citibank,* 508 F.Supp. 91 (S.D.N.Y.1980).

Here ABI does allege that Caplan knew his trademark was void, unenforceable and cancelled pursuant to 15 U.S.C. § 1058 when he initiated this suit. However, it does not necessarily follow from these allegations that Caplan's claims are sham and, in light of the First Amendment considerations referred to above, a litigant should not be subjected to the considerable expense which almost always attaches to an antitrust suit unless a threshold showing of sham activity by ABI can be made. ABI has sought leave to conduct the deposition of Caplan to make the necessary threshold showing. The request is reasonable. Accordingly, decision is deferred as to Caplan's motion to dismiss ABI's third counterclaim pending the taking of such limited discovery which shall be completed within 45 days.

Plaintiff's motion to dismiss the first two counterclaims is denied. Decision is deferred on the motion to dismiss the third counterclaim.

It is so ordered.