**SHEET METAL CONTRACTORS ASSOCIATION OF NORTHERN NEW JERSEY, Plaintiff,**

v.

**SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION and Sheet Metal Workers Local Union No. 22, Defendants.**

Nos. 97 Civ. 6399(RLC), 71 Civ. 2877(RLC).

United States District Court, S.D. New York.

Sept. 30, 1997.

As Amended Oct. 8, 1997.

Jedd Mendelson, David G. Uffelman, Grotta, Glassman & Hoffman, P.A., Roseland, NJ, for Plaintiff.

Kathryn A. Sure, Wylie, McBride, Grossinger, Sure & Platten, San Jose, CA, for Defendant Sheet Metal Workers' International Association.

Norman W. Albert, Goodman & Albert, L.L.C., Cranford, NJ, for Defendant Sheet Metal Workers Local No. 22.

## OPINION

ROBERT L. CARTER, District Judge.

In this action, the plaintiff, Sheet Metal Contractors Association ("SMCA"), seeks to enjoin the reaffiliation of the defendants, Local 22 and the Sheet Metal Workers' International Association ("SMWIA"). The grounds for the action are that the reaffiliation of SMWIA and Local 22 would constitute racial discrimination in violation of federal law and the laws of New Jersey. Claiming that defendants, in conspiring to achieve this reaffiliation, fraudulently induced the SMCA to enter into a collective bargaining agreement, plaintiff also requests monetary damages. The plaintiff further requests that this action be consolidated with *E.E.O.C. v. Local 638*, 401 F.Supp. 467 (S.D.N.Y.1975) ("the EEOC litigation").

Plaintiff alleges that the racial discrimination claim in this action is related to extant orders of this court made in the EEOC litigation. Found in 1975 to have engaged in an unlawful pattern and practice of discrimination against nonwhite workers in the sheet metal industry, the defendant unions in the EEOC litigation were permanently enjoined from discriminating against minority employees and ordered to undertake certain remedial actions.[1] Defendants' remedial obligations were stipulated in an order and judgment ("O & J"), issued in August of 1975, and an amended affirmative action program (AAAPO), issued by this court on November 4, 1983.[2]

Local 25, a non-party to the present action, is a party to the EEOC litigation.[3] In its effort to comply with the O & J and AAAPO mandated in the EEOC case, Local 25 has increased the proportion of minorities in its membership. SMCA, the plaintiff in this action, employs individuals who are represented by Local 25 and therefore engages in

collective bargaining with the local regarding these individuals. *See* Plaintiff's Verified Complaint at 4; Declaration of Levy Plevy, Esq. at 1. Thus, while not formally a party to the EEOC litigation, plaintiff SMCA is nominally subject to the mandates of the O & J and AAAPO insofar as its actions affect Local 25's ability to comply with these orders. *See* Declaration of Levy Plevy, Esq. at 2.

Like the plaintiff, defendants in this action, Local 22 and SMWIA, are not parties to the EEOC litigation. *See* Plaintiff's Verified Complaint at 5. However, unlike the plaintiff, defendants neither formally nor nominally are subject to the mandates of the O & J and AAAPO. According to plaintiff, defendant Local 22 has a significantly lower proportion of minority workers than does Local 25. *Id.* If the reaffiliation is consummated, plaintiff alleges that the basic difference in the parties' relationship to minority sheet metal workers, together with certain provisions of the proposed reaffiliation agreement, will greatly disadvantage Local 25 in competing with Local 22 for construction contracts. By undermining the economic viability of Local 25, plaintiff argues, the proposed reaffiliation ultimately will perpetuate unlawful discrimination in the sheet metal industry in violation of this court's orders in the EEOC litigation, as well as federal and state laws. Several factors account for the alleged competitive disadvantage and discriminatory effect. Most importantly, under the proposed reaffiliation agreement, Local 22 and Local 25 will share jurisdiction in four New Jersey townships, with Local 22 workers being contracted to employers at a lower wage rate than Local 25 workers for the duration of existing collective bargaining agreements. *See* Declaration of Levy Plevy, at 2–7 and Exhibit A.

The question of whether a reaffiliation between defendants Local 22 and SMWIA would adversely impact compliance with the

---

1. *See EEOC v. Local 638*, 401 F.Supp. 467, 487–89 (S.D.N.Y.1975) (Werker, J.); *E.E.O.C. v. Local 638*, No. 71 Civ. 2877, 1975 WL 11915 (S.D.N.Y. Sept. 2, 1975) (Werker, J.).

2. The O&J and AAAPO require, *inter alia*, the defendant unions to achieve at least a 29.23 percent nonwhite membership and sanction a hiring preference for minorities to facilitate the achievement of this membership goal. These

remedies and others are explicated in a number of opinions, including 1975 WL 11915 (S.D.N.Y. Sept.2, 1975) and 889 F.Supp. 642 (S.D.N.Y. 1995).

3. Local 25 is subject to the orders in the EEOC litigation because it is a successor in interest to Local 28. *See* Report and Recommendation of David Raff, Esq. at 3.

O & J and AAAPO in the EEOC litigation is not new to this court. Understanding that a reaffiliation vote would occur on November 29, 1995, the EEOC filed a motion before David Raff, Esq., special master in the EEOC litigation, on November 14, 1995, in which it sought, *inter alia,* to temporarily enjoin any such reaffiliation pending an investigation into whether it might undermine the remedial orders in the EEOC case. *See* Report & Recommendation of David Raff, Esq. at 4. On November 22, 1995 the special master issued an order barring implementation of any reaffiliation agreement between Local 22 and SMWIA without further order of the court. *Id.* at 5. Raff halted his ongoing investigation into the impact of the proposed reaffiliation on the O & J and AAAPO on March 18, 1996 when he received a letter from Norman Albert, Esq., attorney for Local 22, stating that discussions concerning a reaffiliation between Local 22 and SMWIA had been terminated. *Id.* at 7. "No such affiliation will occur," Albert's letter stated. *Id.*

Recently, the special master has been compelled to revisit the reaffiliation issue, however. On June 9, 1997, Raff received a letter from Jedd Mendelson, Esq., counsel for the plaintiff in this action, stating that a vote concerning a reaffiliation of the defendants was scheduled for June 11, 1997. *Id.* at 7. By letter of June 11, 1997, Albert denied that any such vote was scheduled. *Id.* at 8. He also represented to Dale Jurgens, Esq., counsel for the EEOC, that no reaffiliation vote was scheduled and agreed to notify the EEOC in advance if such a vote was contemplated in the future. *Id.* In an August 12, 1997 telephone conversation with the special master, Albert informed Raff that the Local 22 membership had voted to reaffiliate. Thereafter, in a letter to the special master from Mendelson, dated August 15, 1997, the

Contractors' Association informed Raff that it had learned of the reaffiliation vote and that it, therefore was requesting that its previously filed motion to restrain any reaffiliation be renewed. *Id.* at 8-9. Defendants do not now deny that they have entered into a reaffiliation agreement. *See* Declaration of Kathryn Sure, Esq. at 4. They simply contend that their agreement is an internal union matter having nothing to do with the EEOC litigation. *Id.* at Exhibit C (response to informal discovery request).

Upon order of reference issued on September 11, 1997 by the Honorable Barrington Parker, Jr., who was sitting in Part I, Raff commenced an investigation into whether his November 22, 1995 order was implicated by defendants' actions. On September 22, 1997, the special master issued a report in which he concluded that the defendants in fact had violated his extant order of November 22, 1995 by entering into a reaffiliation agreement without further order of the court. *See* Report & Recommendation of David Raff, Esq. at 2.[4]

▬ In view of these facts, the court finds ample grounds to order consolidation of the present action, *Sheet Metal Contractors Ass'n v. Sheet Metal Workers' International ("SMWIA"),* 97 Civ. 6399, with *EEOC v. Local 638 ... Local 28,* 401 F.Supp. 467. Pursuant to Rule 42, F.R. Civ. P.,[5] the court has broad discretion to consolidate actions involving "common questions of fact or law." *See Johnson v. Celotex Corp.,* 899 F.2d 1281, 1284–85 (2d Cir.1990). In deciding whether consolidation is appropriate, the court must balance the interest of judicial convenience against any delay, confusion, or prejudice that might result from such consolidation. *Id.* at 1284–85.

Notwithstanding the fact that neither plaintiff nor defendants in this action are

---

4. While finding that defendants have violated his extant November 22, 1995 order, the special master vacated that order concurrent with the issuance of his September 22, 1997 report and recommendation regarding this action. *Id.* at 16–17. The voiding of that order does not cancel out defendants' violation of it, extant during the relevant time period. Nor does it harm the plaintiff's action in the present proceeding. *Id.* at 17.

5. Rule 42(a), F.R.Civ. P. provides that

[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any and all the matters in issue in such actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

parties to the EEOC litigation, plaintiff's allegations manifestly are related to this court's orders in the EEOC case. The present action is predicated upon and could not exist without reference to the EEOC litigation. Legal and factual findings necessary for assessing the merit of plaintiff's claims and determining defendants' culpability in the present action can only be made by considering the mandates imposed by the O & J and AAAPO. For instance, whether defendants engaged in a conspiracy to evade the court's orders in the EEOC case can only be determined upon consideration of the specific nature of Local 25's obligations under the O & J and AAAOP. Moreover, the merit of plaintiff's claim cannot be evaluated without regard to this court's powers under the All Writs Act, 28 U.S.C. § 1651(a) (1994), to issue orders to further compliance with the O & J and AAAPO where a non-party may be in a position to frustrate their implementation. *See United States v. New York Telephone Co.,* 434 U.S. 159, 174, 98 S.Ct. 364, 373, 54 L.Ed.2d 376 (1977); *Yonkers Racing Corp. v. City of Yonkers,* 858 F.2d 855, 863–65 (2d Cir.1988), *cert. denied* 489 U.S. 1077, 109 S.Ct. 1527, 103 L.Ed.2d 833 (1989). Thus, there is no question that the two matters at bar involve common questions of law and fact.

Defendants have made no showing that delay, confusion, or prejudice would result from consolidation of the present action with the EEOC litigation. Defendants' request to be heard on the merits of the dispute in this case, together with their silence on plaintiff's request for consolidation, suggests assent. Moreover, Sure's statement that the defendants do not intend to have their reaffiliation take effect until January of 1998 suggests that they have nothing to lose from consolidation at this point in time, in any case. *See* Declaration of Kathryn B. Sure, Esq. at 4.

The consolidation of *Sheet Metal Contractors Ass'n of Northern New Jersey v. Sheet Metal Workers' International Ass'n ("SMWIA"),* and *E.E.O.C. v. Local 638,* is thereby ordered for trial as well as pretrial purposes. *See MacAlister v. Guterma,* 263 F.2d 65, 68–69 (2d Cir.1958) (holding that Rule 42, F.R. Civ. P. allows consolidation not only for trial purposes but also in pretrial stages). This consolidation does not have the effect of making the parties in this action actual parties to the EEOC litigation, however. *See Johnson v. Manhattan Ry. Co.,* 289 U.S. 479, 496–97, 53 S.Ct. 721, 727–28, 77 L.Ed. 1331 (1933); *Greenberg v. Giannini,* 140 F.2d 550, 552 (2d Cir.1944).

■ As to the merits of the dispute between the parties in this consolidated action, the court is prepared to rule on plaintiff's motion for preliminary injunctive relief after a period appropriate for completion of discovery. To attain injunctive relief pursuant to Rule 65(a), F.R. Civ. P., irreparable harm in the absence of an injunction and a likelihood of success on the merits must be demonstrated. *See Doran v. Salem Inn, Inc.,* 422 U.S. 922, 931, 95 S.Ct. 2561, 2568, 45 L.Ed.2d 648 (1975); *International Bhd. of Teamsters v. Local 810,* 19 F.3d 786 (2d. Cir.1994). Where a constitutional right is implicated, plaintiff's showing of irreparable injury may be deemed satisfied without further demonstration of harm. *See Bery v. New York,* 97 F.3d 689, 694 (2d Cir.1996) (Carter, J.). In order to facilitate the court's evaluation of the request for injunctive relief, the parties should be prepared to provide evidence, including that of a circumstantial nature, which goes beyond that contained in the pleadings and addresses the fundamental controversy between the parties: whether defendants' reaffiliation will frustrate the purpose of or compliance with the O & J and AAAPO issued by this court in the EEOC litigation. Among the issues needing to be addressed more fully are the following:

(a) whether there is evidence that Local 25 and its apprenticeship program would be economically undermined by the proposed reaffiliation of defendants

(b) the actual racial composition of Local 22, as compared to Local 25

(c) whether there is evidence that the racial composition of Local 22 or Local 25 would change significantly as a result of the reaffiliation

(d) whether plaintiff will be irreparably harmed if injunctive relief is denied at this

time, but the court subsequently finds the reaffiliation agreement unlawful

Special Master Raff's determination that the defendants' violated his extent order of November 22, 1995 shall be considered a factual finding binding upon the court as it considers the parties' arguments for and against the preliminary injunction. F.R.Civ. Pro. 53(e)(1), (2), (4). Until such time as the court has ruled on the request for injunctive relief, the parties are returned to the *status quo ante*. Pursuant to this court's equitable powers under the All Writs Act, 42 U.S.C. § 1651(a), and its jurisdiction over the parties and subject matter in the EEOC litigation, in particular, its issuance of the AAAPO whose efficacy may be implicated by defendants' actions, the reaffiliation agreement at issue is to be considered invalid until a ruling is made on the merits of this action. *See Maness v. Meyers*, 419 U.S. 449, 459, 95 S.Ct. 584, 591, 42 L.Ed.2d 574(1975)("The orderly and expeditious administration of justice by the courts requires that 'an order issued by a court ... must be obeyed by the parties until it is reversed by orderly and proper proceedings'") (citing *United States v. United Mine Workers of America*, 330 U.S. 258, 293, 67 S.Ct. 677, 696, 91 L.Ed. 884 (1947)); *New York State Nat'l Org. for Women v. Terry*, 697 F.Supp. 1324, 1334 (S.D.N.Y. 1988)("An order issued by a court with jurisdiction over the parties and the subject matter of an action must be obeyed unless and until it has been vacated or stayed, or until it expires by its own terms.").

After the propriety of injunctive relief has been determined by the court, a trial by jury will be scheduled at which plaintiff's claims of fraud and conspiracy, as well as the pendant state claims, will be addressed fully.

IT IS SO ORDERED.