INTERNET LAW LIBRARY, INC. and Hunter M.A. Carr, Plaintiffs,

v.

SOUTHRIDGE CAPITAL MANAGEMENT, LLC; Steve Hicks; Dan Pickett; Christy Constabile; Thomson Kernaghan & Co., Ltd.; and Cootes Drive, LLC, Defendants.

Cootes Drive LLC, Plaintiff,

v.

Internet Law Library, Inc., Defendant.

Bill U. Brewer, Marc Caldwell, et al., Plaintiffs,

v.

Southridge Capital Management LLC; Stephen Hicks; Daniel Pickett; Christy Constabile; Thomson Kernaghan & Co., Ltd.; TK Holdings, Inc.; and Mark Valentine, Defendants.

Nos. 01 Civ.6600(RLC), 01 Civ.0877(RLC), 02 Civ.0138(RLC).

United States District Court, S.D. New York.

April 10, 2002.

Koerner Silberberg & Weiner, LLP, (Maryann Peronti, of counsel), New York City, O'Quinn & Laminack, Houston, TX, Christian Wukoson Smith & Jewel, Houston, TX, for Internet Law Library, Inc.

Brobeck, Phleger & Harrison LLP (Caryn G. Marin, of counsel), Broomfield, CO, for Cootes Drive LLC, Southridge Capital Management LLC; Stephen Hicks; Daniel Pickett; Christy Constabile; and Thomson Kernaghan & Co., Ltd.

ROBERT L. CARTER, District Judge.

Internet Law Library, Inc. and its principal Hunter M.A. Carr (collectively, "Internet Law") are parties to two separate actions, *Internet Law Library, Inc., et al. v. Southridge Capital Management, LLC, et al.,* 01 Civ. 6600(RLC) and *Cootes Drive LLC v. Internet Law Library, Inc.,* 01 Civ. 0877(RLC) and move, pursuant to Rule 42(a), F.R. Civ. P. to consolidate these actions and seek to be designated as "plaintiff" in the resulting consolidated litigation. Southridge Capital Management LLC, Stephen Hicks, Daniel Pickett, Christy Constabile, Thomson Kernaghan & Co., Ltd., and Cootes Drive LLC (collectively, "Cootes Drive") oppose consolidation to the extent that Internet Law is designated as "plaintiff" in the consolidated litigation but are not otherwise opposed to it. For the following reasons, the actions are consolidated and Internet Law is designated as "plaintiff" in the consolidated litigation.

## BACKGROUND

On January 12, 2001, Internet Law brought suit against Cootes Drive in the Southern District of Texas (the "Internet Law action"), the subject of which is a series of agreements including a Stock Purchase Agreement entered into by Cootes Drive with Internet Law and in which Cootes Drive agreed to provide capital to Internet Law through two vehicles, a $3 million convertible preferred stock purchase and a $25 million equity line agreement. The Stock Purchase Agreement specified New York as the exclusive forum for all litigation between the parties.

The gravamen of the complaint, later amended on February 12, 2001, was that Cootes Drive engaged in short-selling and market manipulation of Internet Law's stock, artificially depressing the price of the stock to a level at which Cootes Drive would no longer be required to provide funding under the equity line pursuant to a provision in the Stock Purchase Agreement that conditioned funding on Internet Law's stock trading above a specific price. As such, Internet Law alleges that Cootes Drive committed, *inter alia,* violations of securities laws, both federal and state, common law fraud and

fraud in the inducement, and unlawful conspiracy.

Entirely apart from the Houston action, Cootes Drive, on February 5, 2001, filed a complaint in this court, later amended on February 28, 2001 and, again, on June 22, 2001 (the "Cootes Drive action"), against Internet Law, alleging breach of the Stock Purchase Agreement and fraud. In particular, Cootes Drive contends, *inter alia*, that Internet Law failed to honor a Notice of Conversion for Preferred Stock and failed to disclose material non-public information that would have affected its decision to invest in Internet Law. Subsequently, Cootes Drive brought a motion in the Southern District of Texas to transfer the Internet Law action to this court pursuant to 28 U.S.C. § 1404(a). On June 15, 2001, the Texas court ordered the action transferred to this court to be considered for consolidation with the Cootes Drive action.

## DISCUSSION

### (1) Internet Law's Motion for Consolidation

Rule 42(a), F.R. Civ. P. empowers a federal court, in the interest of judicial economy, to consolidate actions involving a common question of law or fact.[1] In general, courts have "broad discretion to determine whether consolidation is appropriate" and "[i]n the exercise of discretion, courts have taken the view that considerations of judicial economy favor consolidation." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284–85 (2d Cir.1990). The chief advantage of consolidation is that it avoids the waste associated with duplicative discovery and multiple trials, *see Feldman v. Hanley*, 49 F.R.D. 48, 50 (S.D.N.Y.1969) (Lasker, J.), and the danger of inconsistent verdicts. *See Bank of Montreal v. Eagle Associates*, 117 F.R.D. 530, 533 (S.D.N.Y. 1987) (Leisure, J.).

■ In deciding whether consolidation is proper, "the court must balance the interest of judicial convenience against any delay,

confusion, or prejudice that might result from such consolidation." *Sheet Metal Contractors Ass'n of Northern New Jersey v. Sheet Metal Workers' Int'l,* 978 F.Supp. 529, 531 (S.D.N.Y.1997) (Carter, J.); *see also Celotex Corp.*, 899 F.2d at 1285. At all times, the burden remains with the moving party to convince the court that consolidation is appropriate. *Transeastern Shipping Corp. v. India Supply Mission*, 53 F.R.D. 204, 206 (S.D.N.Y.1971) (Metzner, J.).

■ These actions share common questions of law and fact sufficient to warrant consolidation. The legal claims and proofs in both of these actions revolve around the Stock Purchase Agreement. Internet Law contends that the Stock Purchase Agreement was fraudulently procured while Cootes Drive denies such allegations, arguing instead that Internet Law breached the Stock Purchase Agreement when it failed to honor its Notice of Conversion. *Cf. Werner v. Satterlee, Stephens, Burke & Burke,* 797 F.Supp. 1196, 1211 (S.D.N.Y.1992) (Haight, J.) ("In securities actions where the complaints are based on the same public statements and reports consolidation is appropriate if there are common questions of law and fact and the defendants will not be prejudiced.") (internal quotations omitted) (involving class of investors who brought securities fraud action against law firm which assisted in the preparation of a prospectus and registration statement for public offering). Moreover, both actions involve the same parties, albeit in different postures. Likewise, the documents to be exchanged are the same as well as the witnesses to be deposed and any additional parties to be impleaded. (Christian Aff. ¶ 9.)

There is also little risk that consolidation will result in confusion of the issues. Even in multi-party litigation, courts have been quick to emphasize that the danger of confusion from consolidation is largely overstated. *See, e.g., Golden Trade S.R.L. v. Lee Apparel Co.*, Nos. 90 Civ. 6291, 90 Civ. 6292, 90 Civ. 7815, 92 Civ. 1667, 1997 WL 373715, at *2

---

1. Rule 42(a), F.R. Civ. P. provides:
   When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may

order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

(S.D.N.Y. June 25, 1997) (Rakoff, J.); *Bank of Montreal v. Eagle Associates*, 117 F.R.D. 530, 534 (S.D.N.Y.1987) (Leisure, J.) (granting defendants' motion for consolidation).

Similarly, the risk of prejudice to the parties from the consolidation of these actions is minimal. This much is obvious from the fact that Cootes Drive, to the extent it is designated "plaintiff" in the ensuing consolidated litigation, has no opposition to consolidation and to the extent it opposes consolidation, does not do so on grounds of prejudice. (Cootes Drive's Mem. of Law in Resp. to Mot. to Cons.at 2.) *See, e.g., Lloyd v. Indus. Bio–Test Laboratories, Inc.*, 454 F.Supp. 807, 812 (S.D.N.Y.1978) (MacMahon, J.) ("Indeed, the absence of prejudice to defendants is indicated by the fact that none of them have opposed, and some have affirmatively moved for, consolidation.").

Nor will consolidation result in delay sufficient to outweigh the benefits to be gained from it. Cootes Drive has indicated that it has been engaged in discovery for over eight months in the Cootes Drive action while discovery has not yet begun in the Internet Law action. (Cootes Drive's Sur–Reply Mem. in Fur. Resp. to Mot. to Cons.at 4–5, n. 2.)[2] While it is possible, accordingly, that the Cootes Drive action would be held up were consolidation to be granted, *see, e.g., Transeastern Shipping Corp. v. India Supply Mission*, 53 F.R.D. 204, 206 (Metzner, J.),

this concern is largely overstated with respect to these actions. In *Transeastern Shipping*, the defendant was trying to consolidate one action already at the eve of trial with other actions not yet ready for trial. "In such a situation, courts have consistently denied consolidation." *Id. See generally* 8 Moore's Federal Practice § 42.10[6][e], p. 42–23 (3d ed.2001). However, short of cases ready for trial, cases at different stages of litigation are routinely consolidated. *See id.* at § 42.10[6][d], p. 42–23; *Werner v. Satterlee, Stephens, Burke & Burke*, 797 F.Supp. 1196, 1212 (S.D.N.Y.1992) (Haight, J.). As such, the fact that discovery has progressed further in the Cootes Drive action should not, standing alone, prevent consolidation and may, in fact, even favor it. Since the two actions share issues of law and fact, much of the discovery in the Cootes Drive action should be applicable to the Internet Law action. *See Lloyd*, 454 F.Supp. at 812. Nor is discovery so far along in the Cootes Drive action that the benefits from consolidation would only run in one direction.[3] *Compare Garfinkle v. Arcata Nat'l Corp.*, No. 72 Civ. 5344, 1974 WL 389, at *2 (S.D.N.Y. Apr.17, 1974) (Carter, J.) (where discovery in one action is virtually complete while it has just commenced in another, consolidation of both actions deemed inappropriate). For the foregoing reasons, the court consolidates the Internet Law action and the Cootes Drive action.[4]

2. Internet Law opposes the submission of Cootes Drive's Sur–Reply. It asserts that Cootes Drive made a request to file the Sur–Reply at a status conference on January 17, 2002 but that the court essentially denied its request since Cootes Drive already had had an opportunity to oppose the motion for consolidation and Internet Law objected to the Sur–Reply. (Peronti letter to court of January 25, 2002 at 1.) Cootes Drive disputes this version of the events, contending that the court stated that it could file a Sur–Reply and that Internet Law could oppose this if it so desired. (King letter to court of Feb. 8, 2002 at 1.) Even without crediting Internet Law's recital of the facts, more fundamentally, Cootes Drive offers no reason why the court should entertain its Sur–Reply nor any evidence that the court approved it. *See Cifarelli v. Village of Babylon*, 93 F.3d 47, 53 (2d Cir.1996); *Garver v. Brown & Co. Securities Corp.*, No. 96 Civ. 2507, 1998 WL 54608, at *2, n. 1 (S.D.N.Y. Feb. 10, 1998) (Koeltl, J.) (court is not required to entertain untimely submission when plaintiff did not obtain, much less seek, court's permission to file

Sur–Reply), *remanded by* 164 F.3d 617 (2d Cir. 1998). Because the Sur–Reply presents helpful background information, the court will not strike it. *See Davidson v. Scully*, 172 F.Supp.2d 458, 464, n. 3 (S.D.N.Y.2001) (Leisure, J.). In the future, however, Cootes Drive is strongly cautioned to submit proof, when called for, of the necessity of submissions to the court at the time of those submissions.

3. In fact, the court presently has before it at least one discovery dispute in the Cootes Drive action. *See* Mazin letter to court of Mar. 11, 2002.

4. Cootes Drive opposes consolidation to the extent they are not designated as "plaintiff" in the consolidated litigation. *See* Cootes Drive's Sur–Reply Mem. in Fur. Resp. to Mot. to Cons.at 4–5. However, it remains unclear to the court why the designation of either party as "plaintiff" should somehow tip the balance either in favor of or against consolidation. The question of whether to consolidate the actions is logically indepen-

## (2) Realignment of Parties

Cootes Drive argues that it should be designated "plaintiff" in the consolidated litigation pursuant to Rule 15(c) of the Rules for the Division of Business Among District Judges of the Southern District of New York ("Business Rule 15(c)") since the Cootes Drive action was filed in this court before the Internet Law action was transferred here.[5] (Cootes Drive's Mem. of Law in Resp. to Mot. to Cons.at 2.)

Were the situation one involving the consolidation of actions sharing common questions of law and fact and containing the same plaintiffs or defendants, then Cootes Drive would be correct in asserting that Business Rule 15(c) governed the alignment of the parties based on which action had the lowest docket number. However, the court is here consolidating two actions, each containing the same parties, but in one action Internet Law is the "plaintiff" and Cootes Drive is the "defendant," while in the other action the reverse is true.

Given these circumstances, contrary to the arguments of Cootes Drive, the designation of Internet Law as "plaintiff" logically follows from the consolidation of the two actions. Rule 13(a), F.R. Civ. P. requires, upon pain of bar, that a pleading state as a counterclaim any claim arising out of "the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." The test for determining when a counterclaim is compulsory "is whether a logical relationship exists between the claim and the counterclaim and whether the essential facts of the claims are

'so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'" *Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991) (quoting *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir.1979)) (internal quotations omitted); *see also United Artists Corp. v. Masterpiece Productions*, 221 F.2d 213, 216 (2d Cir.1955) (for compulsory counterclaims, courts, in practice, adopt a broad view, not requiring absolute identity of factual backgrounds but only logical relationship between them). Since the two actions share common questions of law and fact, the claims and facts of the two actions are "logically connected" to a degree sufficient to make the claims in the Cootes Drive action compulsory counterclaims in the Internet Law action.

That said, the filing of a separate action in lieu of a compulsory counterclaim, as Cootes Drive elected to do, is not a violation of Rule 13(a), F.R. Civ. P. *See Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir.1991); *J. Lyons & Co. Ltd. v. Republic of Tea, Inc.*, 892 F.Supp. 486, 490 (S.D.N.Y.1995) (Scheindlin, J.). Such a practice does, however, "contravene the purpose of the Rule in that it creates a multiplicity of actions, wastes judicial resources, and unduly burdens the litigation process." *Id. See also Southern Construction Co. v. Pickard*, 371 U.S. 57, 60, 83 S.Ct. 108, 9 L.Ed.2d 31 (1962). When faced with such a situation, courts have a number of options at their disposal. "Where a party institutes a second action based upon a compulsory counterclaim in a still pending action, courts can use the procedural devices of transfer, stay and consolidation to avoid multiple litigation and to effectuate the Rule." *Cyprus Corp. v. Whitman*, 93 F.R.D. 598, 604–05 (S.D.N.Y.1982) (Haight, J.). Accord-

---

dent from which party is to be designated "plaintiff" in the consolidated litigation. Instead, it turns on considerations of prejudice, delay, and confusion of the issues vis-a-vis the anticipated savings in time and expense from consolidation. If anything, the fact that Cootes Drive conditions consolidation on its designation as "plaintiff" suggests that Cootes Drive does not endorse consolidation so much out of a concern for economy as out of a desire for tactical advantage. *See Golden Trade S.R.L. v. Lee Apparel Co.*, Nos. 90 Civ. 6291, 90 Civ. 6292, 90 Civ. 7815, 92 Civ. 1667, 1997 WL 373715 (S.D.N.Y. June 25, 1997) (Rakoff, J.).

5. Business Rule 15(c), in pertinent part, provides that:

> A case filed or removed and designated as related shall be forwarded to the judge before whom the earlier filed case is then pending who shall accept or reject the case in his or her sole discretion.... Any party believing its case to be related to another may apply on notice in writing to the judge assigned in its case for transfer to the judge having the related case with the lowest docket number.

ingly, instead of staying the Cootes Drive action and granting leave to Cootes Drive to re-file its claims as counterclaims to the Internet Law action, the court can just as easily achieve the same result by consolidating the two actions and designating Internet Law as "plaintiff." *See Speed Products Co. v. Tinnerman Products,* 222 F.2d 61, 68 (2d Cir.1955).

### (3) The Forum Selection Clause

Alternatively, Cootes Drive argues that Internet Law engaged in "forum shopping" by choosing to file its action in Houston in violation of a mandatory forum selection clause in the Stock Purchase Agreement—identifying New York as the exclusive forum for all litigation between the parties—and that the loss of "plaintiff" status is the minimum price that Internet Law should have to pay for its gamble. (Cootes Drive's Sur–Reply Mem. in Fur. Resp. to Mot. to Cons.at 4.)

■ Forum shopping does vitiate a party's priority in filing under the first-to-file rule. The first-to-file rule is used to determine whether a cause of action needs to be adjudicated as a compulsory counterclaim, *see Computer Associates Int'l, Inc. v. Altai, Inc.,* 893 F.2d 26, 28–29 (2d Cir.1990), and provides that "where there are two competing lawsuits involving substantially the same issue, the first suit should have priority, absent the showing of balance of convenience in favor of the second action, or unless there are special circumstances which justify giving priority to the second." *Continental Ins. Companies v. Wickes Companies, Inc.,* No. 90 Civ. 8215, 1991 WL 183771, at *1 (S.D.N.Y. Sept.6, 1991) (Wood, J.) (internal quotations omitted). One such special circumstance justifying a departure from the first-to-file rule is present when there is evidence of forum shopping in the first action. *See, e.g., S–Fer Int'l, Inc. v. Paladion Partners, Ltd.,* 906 F.Supp. 211, 216 (S.D.N.Y. 1995) (Koeltl, J.); *J. Lyons & Co. Ltd. v. Republic of Tea, Inc.,* 892 F.Supp. 486, 490–91 (S.D.N.Y.1995) (Scheindlin, J.). Under such conditions, a court may refuse to mechanically apply the first-to-file rule and, in its discretion, take such action as necessary to promote sound judicial administration.

*See Pritos v. Venus Sea Marine, S.A.,* No. 82 Civ. 4774, 1986 WL 10487, at *2 (S.D.N.Y. Sep.16, 1986) (Conner, J.).

There can be no doubt that Internet Law attempted to avoid the forum selection clause in the Stock Purchase Agreement when it brought suit in Houston instead of New York. However, it has already been made to pay the price for its decision by being denied the forum of its choice and having its action transferred to New York. The Texas court no doubt took into consideration in making its decision to transfer the Houston action that Internet Law might have engaged in forum shopping. In fact, the decision to transfer an action parallels the analysis under the first-to-file rule. *See 800–Flowers, Inc. v. Intercontinental Florist, Inc.,* 860 F.Supp. 128, 134 (S.D.N.Y.1994) (Leisure, J.); *Continental Ins. Companies,* 1991 WL 183771, at *1. The first-to-file rule "does not supersede the inquiry into the balance of convenience required under § 1404(a)." *River Road Int'l, L.P. v. Josephthal Lyon & Ross Inc.,* 871 F.Supp. 210, 214 (S.D.N.Y.1995) (Pollack, J.) (citing *Rolls–Royce Motors, Inc. v. Charles Schmitt & Co.,* 657 F.Supp. 1040, 1061 (S.D.N.Y.1987) (Leisure, J.)). Accordingly, as the Internet Law action has already been transferred to New York, the considerations of the first-to-file rule, along with any exceptions to it, were already addressed by the Texas court and the court declines to revisit them here.

## CONCLUSION

For the foregoing reasons, Internet Law's motion for consolidation is granted, and it is hereby ordered that *Internet Law Library, Inc., et al. v. Southridge Capital Management, LLC, et al.,* 01 Civ. 6600(RLC) be consolidated with *Cootes Drive LLC v. Internet Law Library, Inc.,* 01 Civ. 0877(RLC). In the resulting consolidated litigation, Internet Law is hereby designated "plaintiff" while Cootes Drive is designated "defendant." Furthermore, as the court has authority to consolidate related actions *sua sponte, see Devlin v. Transp. Communications Int'l Union,* 175 F.3d 121, 130 (2d Cir.1999), the court hereby orders that the case of *Brewer, et al. v. Southridge Capital*

*Management LLC, et al., 02 Civ. 0138(RLC)* be consolidated as well with the Internet Law action and the Cootes Drive action. Southridge Capital Management LLC may object to consolidation within two weeks from the date of this decision, in which event it will be granted an opportunity to set forth its reasons for opposing consolidation with Internet Law and Cootes Drive having equal opportunity to present their views. After hearing any objections, the court will make a final determination.

**IT IS SO ORDERED**